**In re Bradley John SEEHUSEN and Shereen Lynn Seehusen, Debtors.**

**No. 01–12776–SBB.**

United States Bankruptcy Court, D. Colorado.

Dec. 20, 2001.

Bradley John Seehusen and Shereen Lynn Seehusen, Broomfield, CO, pro se.

David Miller, Denver, CO, trustee.

**MEMORANDUM OPINION AND ORDER REGARDING (1) CIVIL CONTEMPT AND SANCTIONS UNDER FED.R.BANKR.P. 9020 AND 11 U.S.C. § 105(a); (2) VIOLATION OF L.B.R. 910; (3) VIOLATION OF 11 U.S.C. § 110(b), (c) AND (h); AND (4) CERTIFICATION OF MATTER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO PURSUANT TO 11 U.S.C. § 110(i) AND FOR CRIMINAL CONTEMPT UNDER FED.R.BANKR.P. 9020**

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER came before the Court on November 9, 2001 for hearing on the

Court's October 24, 2001 Order Directing the United States Marshal to Locate and Apprehend James W. Lamberson ("Mr. Lamberson"). Mr. Lamberson appeared at the hearing courtesy of the United States Marshal Service. Also, present during the hearing were David Miller, the Chapter 7 Trustee appointed in the Bradley and Shereen Seehusen ("Debtors") case; Kenneth Beuchler, counsel for Ms. Carolyn Kregger; and Leo Weiss of the Office of the United States Trustee. Previously, this matter came before the Court on September 25, 2001 for a hearing on the Court's *Sua Sponte* Order Directing Mr. Lamberson to Show Cause and Appear Before the Court at Hearing entered herein on August 21, 2001. Debtor Shereen Lynn Seehusen ("Ms. Seehusen") appeared in person. Leo Weiss also appeared. Mr. Lamberson did not appear. There were no other appearances.

The Court, having concluded two hearings and having considered the record, the documents in the Court's file, the testimony of Ms. Seehusen and James Lamberson, and being otherwise advised in the premises, makes the following findings of fact, conclusions of law and order.

## I. *ISSUES*

The issues before this Court are as follows:

A. Do Mr. Lamberson's actions before this Court constitute contempt of this Court under Fed.R.Bankr.P. 9020, and, if so, is such contempt civil or criminal?

B. Does Mr. Lamberson's conduct warrant sanctions under 11 U.S.C. § 105(a)?

C. Is Mr. Lamberson in violation of L.B.R. 910 if he helped the Debtors prepare their petition, represented to the Debtors that he was an attorney and would represent them in this case, listed himself as a creditor, yet made no entry of appearance and did not list himself in the Debtors' schedules as either a petition preparer or attorney?

D. Do Mr. Lamberson's actions, as a disbarred attorney, in preparing Debtors' schedules make him a "petition preparer" as defined in 11 U.S.C. § 110 and do his actions violate 11 U.S.C. § 110(b), (c), (d), (e), (f), (g) or (h)? [1]

E. Does Mr. Lamberson's conduct warrant certification of this matter to the District Court under 11 U.S.C. § 110(i)?

## II. *SUMMARY OF CONCLUSIONS AND ORDER*

1. Mr. Lamberson shall be held in civil contempt of this Court consistent with Fed.R.Bankr.P. 9020 and 11 U.S.C. § 105(a) and a sanction in the sum of $500.00 shall enter against Mr. Lamberson for his failure to appear at a hearing scheduled before this Court on September 25, 2001. This sum shall be paid to the Court on or before **March 1, 2002**. The Court further concludes that Mr. Lamberson's conduct warrants certification of this matter to the United States District Court for the District of Colorado for consideration of criminal contempt under Fed. R.Bankr.P. 9020.

2. Mr. Lamberson is in violation of L.B.R. 910.

---

**1.** Although the Court considered possible violations under 11 U.S.C. § 110(d), (e), (f), and (g), it declines to make any findings at this time with regard to any such violation(s) based upon the scant evidence and testimony presented with regard to these provisions of the Code.

3. Mr. Lamberson is in violation of 11 U.S.C. § 110(b), (c) and (h). For his violation of these sections, Mr. Lamberson shall be fined in the sum of $500.00. This sum shall be paid into the Court registry on or before **March 1, 2001.** This Court also concludes that under 11 U.S.C. § 110(h)(2) and (h)(4), Mr. Lamberson's fee of $3,400.00 to file this Chapter 7 bankruptcy case was excessive and, as a consequence, Mr. Lamberson shall turn over to the Debtors the sum of $3,400.00 on or before **March 1, 2002.**

4. This Court also concludes that Mr Lamberson's actions not only violate 11 U.S.C. § 11 U.S.C. § (b), (c), and (h), but that his conduct was also "unfair and deceptive" and warrants certification to the United States District Court for the District of Colorado under 11 U.S.C. § 110(i) for its consideration and action, if any.

In addition to the conclusion with regard to the issues set forth above, the Court also concludes that:

1. Mr. Lamberson shall pay into the registry of the Court, on or **before February 11, 2002,** the sum of $4,500.00 representing the sum paid to him by Bradley and Shereen Seehusen ("Debtors"). Failure to pay this sum into the Court's registry on or before February 11, 2002, will cause the Court to issue an additional sanction of $100.00 per day beginning February 12, 2002.

2. Mr. Lamberson has been participating in the unauthorized practice of law and therefore this Court will transmit a copy of this decision to the Unauthorized Practice of Law Committee of the Supreme Court of the State of Colorado and the Committee on Conduct for the United States District Court for the District of Colorado.

## III. *BACKGROUND AND FINDINGS OF FACT*

Bradley John Seehusen and Shereen Lynn Seehusen ("Debtors") filed the with-

in Chapter 7 case on March 9, 2001. In Debtor's Statement of Financial Affairs, paragraph 9, Debtors are to list "Payments related to debt counseling or bankruptcy." In the box next to the paragraph, the Debtors check "None." On page two of the bankruptcy petition, in the signature block for an attorney, there is no name of an attorney or law firm entered in the space provided. Also, in the signature block for a non-attorney petition preparer, there is a typed entry: "Not applicable." The *only* reference made with regard to Mr. Lamberson is his listing in Debtors' creditors matrix. Although he is listed in the matrix, Mr. Lamberson is *not* listed as a creditor in the Debtors' schedules.

Overall, the bankruptcy documents give the unmistakable impression that this was a *pro se* filing by the Debtors. However, on August 16, 2001, at a hearing regarding a reaffirmation agreement with one of their creditors, the Debtors stated, on the record in open court, that they both thought that Mr. Lamberson was their attorney and that he was filing the within bankruptcy case on their behalf. It was not until the Meeting of Creditors that the Debtors discovered that they were *pro se.* In fact, Mr. Seehusen indicated to the Court that he had never even heard of the term *"pro se"* until the Chapter 7 Trustee, David Miller, used the term in questioning whether the Debtors were proceeding without counsel.

Mr. Lamberson was disbarred from the practice of law in the State of Colorado on March 22, 2000. *People v. Lamberson,* 99 PDJ083 and 99PDJ004 (Colo. March 22, 2000) (a copy of the Summaries of Disciplinary Opinions is attached hereto as Exhibit 1). Mr. Lamberson was also suspended in the early 1990's. *People v. Lamberson,* 802 P.2d 1098 (Colo.1990)

(suspension from practice of law for one year and one day) (a copy of the decision is attached hereto as Exhibit 2). Despite Mr. Lamberson's disbarment, Debtors state that Mr. Lamberson held himself out as an attorney and assisted in the preparation and filing of the within bankruptcy case. It was not until after the case was filed that the Debtors realized Mr. Lamberson was no longer authorized to practice law.

As a result of the statements made by the Debtors at the hearing on August 16, 2001, this Court entered an Order Directing James Lamberson to Show Cause and Appear Before the Court at Hearing on August 21, 2001 ("August 21, 2001 Show Cause Order") (a copy of the August 21, 2001 Show Cause Order is attached hereto as Exhibit 3). The Court ordered Mr. Lamberson to do the following:

A. File a written response, on or before September 7, 2001, to the Order to Show Cause explaining why: (i) his conduct was not in violation of L.B.R. 910; (ii) his actions did not violate 11 U.S.C. § 110(b), (c), (d), (e), (f), (g), (h); (iii) his actions did not constitute contempt of this Court under Fed.R.Bankr.P. 9020; and (iv) his conduct should not be sanctioned under 11 U.S.C. § 105(a).

B. Attend a hearing on Tuesday, September 25, 2001 at 10:00 a.m. in Courtroom E, U.S. Bankruptcy Court, U.S. Custom House, 721 19th Street, Denver, Colorado 80202-2508, to consider whether: (a) Mr. Lamberson is in violation of L.B.R. 910; (b) Mr. Lamberson's actions violate 11 U.S.C. § 110(b), (c), (d), (e), (f), (g), (h) and whether this Court should certify this matter to the District Court consistent with 11 U.S.C. § 110(i); (c) Mr. Lamberson's actions constitute contempt of this Court under Fed. R.Bankr.P. 9020; and (d) Mr. Lamberson's conduct requires this Court to determine if sanctions are appropriate under 11 U.S.C. § 105(a).

The August 21, 2001 Show Cause Order was mailed by the Court to Mr. Lamberson at the following addresses:

10615 E. Spring Creek Road
Parker, Colorado 80138

50 S. Steele, Suite 325
Denver, Colorado 80209 [2]

9725 E. Hampden Avenue # 300
Denver, CO 80231

2121 Templeton Gap Road
Colorado Springs, CO 80907

9101 E. Kenyon Avenue # 2000
Denver, Colorado 80237-SBB

5279 Garton Road
Castle Rock, Colorado 80104-8554 [3]

271 N. Ridge Road
Castle Rock, Colorado 80104

On September 25, 2001, at the time and date duly noticed for hearing on the Court's August 21, 2001 Show Cause Order, Mr. Leo Weiss from the Office of the United States Trustee appeared and Shereen Seehusen appeared. Mr. Lamberson, however, did *not* appear. Ms. Seehusen was sworn and testified under oath (a copy of the September 25, 2001 Transcript hearing is attached to Exhibit 4 as Exhibit A).

Ms. Seehusen testified that she and her husband retained Mr. Lamberson in February of 1999 to file their bankruptcy case. September 25, 2001 Transcript, p. 18, lines 5–6. At that time the Debtors paid Mr. Lamberson the sum of $2,500.00. *Id.*, p. 18, lines 5–6. After Mr. Lamberson had been disbarred, in March of 2000, on September 13, 2000, the Seehusens paid Mr. Lamberson an additional $900.00 for the

---

**2.** The Court received returned mail from this address.

**3.** The Court also received returned mail from this address.

bankruptcy filing. *Id.*, p. 18, lines 8–10. In addition, Mr. Lamberson held approximately $4,500.00 in cash that the Debtors set aside for taxes. *Id.*, p. 18, lines 22–25, and p. 19, lines 1–13. Mr. Lamberson advised the Debtors that he would shelter the money from the Trustee. *Id.*, p. 19, lines 9–13.

Ms. Seehusen also testified that she had spoken with someone, a stranger, on September 24, 2001 who had called her office and was trying to reach Mr. Lamberson. *Id.*, pp. 20–21. The person on the telephone indicated that he was getting legal advice from Mr. Lamberson. *Id.*, p. 20.

Because of the nature and substance of the call and the Seehusens' testimony— and because Mr. Lamberson did *not* appear at the hearing as ordered—on October 24, 2001, this Court entered its Order Directing the United States Marshal to Locate and Apprehend James W. Lamberson for Appearance Before the Court at a Show Cause Hearing ("October 24, 2001 Show Cause Order") (a copy of the October 24, 2001 Show Cause Order is attached hereto as Exhibit 4). Once again, this Court ordered Mr. Lamberson to appear before this Court and be prepared to address issues related to his conduct in representing the Debtors. The October 24, 2001 Show Cause Order was also mailed to the same addresses as the August 21, 2001 Show Cause Order.[4]

On November 9, 2001, the United States Marshal was able to locate Mr. Lamberson (who was being held, evidently, in a local county facility on outstanding warrant(s)) and bring him to this Court. Mr. Lamberson was sworn and testified at the hearing (a copy of the November 9, 2001 Transcript is attached hereto as Exhibit 5). During the course of his testimony, Mr.

Lamberson advised this Court that he currently resided at 271 North Ridge Road, Castle Rock, Colorado 80104. November 9, 2001 Transcript, p. 4, lines 14–16. This is one of the addresses that the Court used in serving him with the prior Orders. Mr. Lamberson also informed the Court that he worked at a mobile home dealership located at 2121 Templeton Gap, Colorado Springs, CO 80907. *Id.*, p. 5, lines 12–23. Again, this was an address utilized by the Court in mailing out the October 24, 2001 Show Cause Order and the August 21, 2001 Show Cause Order. Mr. Lamberson admitted that he had received, at least, the October 24, 2001 Show Cause Order and had intended to come to Court himself, but that the United States Marshal apprehended him before he could comply voluntarily. *Id.*, p. 45, lines 12–24.

Mr. Lamberson's testimony with respect to (1) the timing of events leading up to the filing of the Debtors' bankruptcy case and his disbarment, (2) his holding $4,500.00 in funds for the Debtors, and (3) his actions in representing Debtors and assistance in the actual filing of the petition contradicted much of the testimony of Ms. Seehusen. However, this Court, having seen Mr. Lamberson on the witness stand and having heard his testimony finds that he has little or no credibility.

Mr. Lamberson's testimony regarding the preparation, completion, filing and representation of the Debtors was simply unbelievable—both in terms of the veracity of his testimony and audacity of the acts to which he testified. Mr. Lamberson weaved and waffled around the issues related to whether he was a licensed attorney when he actually "advised" the Debtors as to legal issues. *See e.g., Id.*, p. 16,

---

4. The Court received returned mail from the following address:

9101 E. Kenyon
Suite 2000
Denver, CO 80237

lines 9–14; p. 17, lines 2–25. It would appear from the testimony that at least some legal advice was given to the Debtors after Mr. Lamberson was disbarred.

Mr. Lamberson admitted that he did not tell the Debtors that he was suspended or disbarred. *Id.,* p. 13, lines 10–18. Mr. Lamberson filed the bankruptcy for the Debtors after he was disbarred. *Id.,* pp. 14–15. In fact, he carried the petition to the Court himself and filed it. *Id.,* pp. 28–29. He was, however, careful to excise any reference to his participation in this case by not signing as a petition preparer or attorney in this case. *Id.,* pp. 19–21, 34.

Finally, his testimony regarding the transfer of $4,500.00 from the Debtors to him was inconsistent and evasive. The Court gleaned from Mr. Lamberson's testimony and that of Ms. Seehusen that he *was* holding this sum of money for the purpose of shielding or concealing it from the Chapter 7 Trustee. *Id.,* pp. 16–19, 34–40.

## IV.  DISCUSSION

A.  *Mr. Lamberson's Actions Before this Court Constitute Contempt of this Court under 11 U.S.C. § 105(a) and Fed.R.Bankr.P. 9020*

■  Pursuant to 11 U.S.C. § 105(a), this Court may "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." Fed.R.Bankr.P. 9020 and applicable case law allows a bankruptcy court to issue orders of contempt in certain instances. *See, In re Skinner,* 917 F.2d 444 (10th Cir.1990).

Rule 9020(a) provides that:

Contempt committed in the presence of a bankruptcy judge may be determined summarily by a bankruptcy judge. The order of contempt shall recite the facts and shall be signed by the bankruptcy judge and entered of record.

Rule 9020(b), further provides, in part, that:

Contempt committed in a case or proceeding pending before a bankruptcy judge, except when determined as provided in subdivision (a) of this rule, may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of the hearing, allowing a reasonable time for the preparation of the defense. The notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for the purpose.

Based upon the Orders issued in this case and the proper mailing of the Court's Orders to Mr. Lamberson's residence and place of work, this Court finds that the Mr. Lamberson has engaged in conduct which constitutes civil contempt by his failure or refusal to abide by Orders of this Court. For this, the Court shall fine Mr. Lamberson in the sum of $500.00. This sum shall be paid to the Court on or before **March 1, 2002.**

B.  *Mr. Lamberson is in Violation of L.B.R. 910*

■  Mr. Lamberson has been disbarred. Pursuant to L.B.R. 910(a):

An attorney admitted to practice, and who remains in good standing, with the United States District Court for the District of Colorado is qualified to practice in this bankruptcy court...

Mr. Lamberson is not in good standing with the United States District Court for the District of Colorado. *See* D.C. Colo.LR 83.5. By definition, then, he is

also not in good standing with this Court. He has attempted to circumvent the Local Rules of Practice by leaving very little trace of his assistance in the Debtor's petition, schedules, and statement of financial affairs. From all outward appearances, he has ostensibly been providing "unbundled" services or "petition preparer" services. However, based upon the testimony of both Mr. Lamberson and Ms. Seehusen, his services go well beyond petition preparation into legal advice and representation. Despite his disbarment, it seems that Mr. Lamberson continues to engage in the practice of law. Although Mr. Lamberson may not be in technical violation of L.B.R. 910, he has violated the spirit of the rule and has, most importantly, deceived the Debtors and this Court in his representation of the Debtors.

### C. *Mr. Lamberson's Conduct is in Violation of 11 U.S.C. § 110*

#### 1. *Background of 11 U.S.C. § 110*

In 1994, section 110 of the Bankruptcy Code was added in response to the "bankruptcy typing mills which have proliferated in the central district of California." 140 Cong. Rec. H10772 (Oct. 4, 1994) (statement of Rep. Berman). The law was added to create standards and penalties pertaining to bankruptcy petition preparers. *See* Publ.L. No. 103–394, Title III, § 308, 108 Stat. 4106, 4135–37 (1994), U.S.Code Cong. & Admin.News 1994, p. 3323; H.R.Rep. 103–834, 103rd Cong., 2nd Sess. 40–41 (Oct. 4, 1994); 140 Cong. Rec. H10770 (Oct. 4, 1994). The law was implemented to recognize that "[w]hile it is permissible for a petition preparer to provided services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors." H.R.Rep. 103–834, 103rd Cong., 2nd Sess. 40–41 (Oct. 4, 1994); 140 Cong. Rec. H10770 (Oct. 4, 1994).

#### 2. *Application of 11 U.S.C. § 110 to Mr. Lamberson*

A " 'bankruptcy petition preparer' means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing . . ." 11 U.S.C. § 110(a)(1). A " 'document for filing' means a petition or any other documents prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under [Title 11]." 11 U.S.C. § 110(a)(2).

■ The evidence before this Court is that he held himself out as an attorney, assisted in the preparation of the Seehusen's petition, bankruptcy schedules, statement of financial affairs, and determined the Seehusen's exemptions. This Court concludes that Mr. Lamberson, a disbarred attorney rendering legal advice, is at the very least, a bankruptcy petition preparer, at worst, he is practicing law without a license. In either instance, he is subject to 11 U.S.C. § 110.

#### 3. *Mr. Lamberson has not Complied with 11 U.S.C. § 110(b)(1) and (c)(1)*

■ 11 U.S.C. § 110(b)(1) provides that: A bankruptcy petition preparer who prepares a documents for filing shall sign the document and print on the document the preparer's name and address.

11 U.S.C. § 110(c)(1) provides that: A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

Mr. Lamberson is nowhere identified in the Debtor's petition, schedules, and statement of financial affairs. The only appearance of Mr. Lamberson is in the Debtor's mailing matrix. It was only by happen-

stance that this Court and the Chapter 7 Trustee found out about Mr. Lamberson's involvement in the case. Therefore, the evidence before this Court demonstrates that Mr. Lamberson has not complied with 11 U.S.C. § 110(b)(1) and (c)(1). Any fine assessed for a violation of this provision cannot exceed $500.00 for each violation. 11 U.S.C. § 110(b)(2), (c)(3).

4. *Mr. Lamberson Has Not Complied with 11 U.S.C. § 110(h)(1)*

11 U.S.C. § 110(h)(1) requires a bankruptcy petition preparer to file a disclosure of fees under penalty of perjury. No such disclosure of fees is evidenced anywhere in the Seehusen's petition, statement of financial affairs or schedules. As a consequence, Mr. Lamberson is in violation of 11 U.S.C. § 110(h)(1).

5. *Applicable Fines and Disallowance or Turnover of Fees under 11 U.S.C. § 110(h)(2) and (h)(4)*

█ Failure to comply with Section (h)(1), above, may result in an assessment of a fine not to exceed $500.00 and an order disallowing and requiring turnover of any fee paid in excess of the value of services rendered. The undisputed testimony before this Court is that the Debtors paid Mr. Lamberson a total of $3,400.00 to file their Chapter 7 bankruptcy case. This Court believes that this fee, in its entirety, was excessive. The Court concludes that Mr. Lamberson should turn over the sum of $3,400.00 to the Debtors pursuant to 11 U.S.C. § 110(h)(2). Thus, the Court directs the turnover of $3,400.00 by Mr. Lamberson to the Debtors.

6. *Certification Under 11 U.S.C. § 110(i)*

█ This Court also concludes that this matter should be certified to the District Court of Colorado pursuant to 11 U.S.C. § 110(i)(1) for Mr. Lamberson's violation of the provisions of 11 U.S.C. § 110 and/or

for his commission of fraudulent, unfair and/or deceptive acts. In short, Mr. Lamberson has deceived the Debtors in representing that he was a licensed attorney competent in the area of bankruptcy. His actions were, and, perhaps, are, and continue to be, fraudulent, unfair and deceptive. This Court concludes that this matter is appropriate for review by the United States District Court for the District of Colorado consistent with 11 U.S.C. § 110(i)(1).

D. *Mr. Lamberson Shall Pay into the Registry of this Court the Sum of $4,500.00 Representing a Sum Paid to Him by Bradley and Shereen Seehusen to Preserve for Payment of Taxes*

█ Another very disturbing feature of this case is the payment of the sum of $4,500.00 in cash by the Debtors to Mr. Lamberson. Ms. Seehusen and Mr. Lamberson testified that this sum was paid to Mr. Lamberson to shelter it from the bankruptcy estate. September 25, 2001 Transcript, p. 18–19; November 9, 2001 Transcript, pp. 16–19, 21, 34–40. This sum was not revealed in the Debtors' schedules and Mr. Lamberson was advising the Debtors regarding how they should proceed in this case. Thus, this Court shall order Mr. Lamberson to pay into the registry of this Court the sum of $4,500.00. A final disposition and/or disbursement of this sum shall be determined after either the filing of an adversary proceeding or motion, as appropriate, by a party in interest in the Debtors' bankruptcy case.

E. *Mr. Lamberson Has Been Participating in the Unauthorized Practice of Law Because He Held Himself Out as an Attorney and Gave Direct and Specific Legal Information to the Debtors*

█ Based upon the testimony of Ms. Seehusen and the evidence before this

Court, Mr. Lamberson gave direct and specific information to the Debtors.

First, Ms. Seehusen testified that Mr. Lamberson represented he was an attorney and he gave the Debtors legal advice. Mr. Lamberson testified that, indeed, he had not informed the Seehusens that he had been suspended or disbarred. It was not until the Debtors' Section 341 Meeting of Creditors that the Debtors discovered that Mr. Lamberson was not representing them in their bankruptcy case and that he was disbarred. Clearly, the impression made upon the Debtors was that Mr. Lamberson was a practicing attorney who could guide them through their bankruptcy case.

Second, Mr. Lamberson held approximately $4,500.00 in cash as a set aside for payment of taxes so as to keep these funds out of reach of the Trustee. Debtors agreed to transfer these funds to Mr. Lamberson on his advise. Mr. Lamberson's recommendation was legal advice. *Denver Bar Ass'n v. Pub. Util. Comm'n*, 154 Colo. 273, 279, 391 P.2d 467, 471 (Colo. 1964) ("generally one who acts in a representative capacity in protecting, enforcing or defending the legal rights and duties of another and in counseling, advising and assisting him in connection with these rights and duties is engaged in the practice of law").

Third, it is apparent from reviewing the bankruptcy petition, schedules, and statement of financial affairs in the Court file that a software program was used to prepare the Debtor's bankruptcy documents. These documents include Schedule C exemptions to property listed in the Debtor's Schedule B. Many courts have held that the use of a computer software program in conjunction with assisting and advising Debtors constitutes the unauthorized practice of law. *In re Moffett*, 263 B.R. 805 (Bankr.W.D.Ky.2001); *Hastings v. U.S.*

*Trustee (In re Agyekum)*, 225 B.R. 695, 702 (9th Cir. BAP 1998).

In light of Mr. Lamberson's conduct this Court will transmit a copy of this decision to the Unauthorized Practice of Law Committee of the Supreme Court of the State of Colorado and the Committee on Conduct for the United States District Court for the District of Colorado for their review and appropriate action.

F. *Mr. Lamberson's Conduct Should be Certified to the United States District Court for the District of Colorado for Consideration of Criminal Contempt under Fed. R.Bankr.P. 9020*

■ Mr. Lamberson has demonstrated his complete disregard and disdain for the Debtors, the bankruptcy system, and this Court. Specifically, but not exclusively:

(1) In Debtor's Statement of Financial Affairs, paragraph 9, Debtors are to list "Payments related to debt counseling or bankruptcy." In the box next to the paragraph, the Debtors check "None." However, the testimony and evidence before this Court is that Mr. Lamberson receive $3,400.00 in the year prior to the bankruptcy filing for "debt counseling" and bankruptcy preparation. The testimony and evidence before this Court also demonstrates that Mr. Lamberson prepared this entry for the Debtors.

(2) On page two of the bankruptcy petition, in the signature block for an attorney, there is no name of an attorney or law firm entered in the space provided. Also, in the signature block for a non-attorney petition preparer, there is a typed entry: "Not applicable." The only reference made with regard to Mr. Lamberson is his listing in Debtors' cred-

itors matrix. Although he is listed in the matrix, Mr. Lamberson is *not* listed as a creditor in the Debtors' schedules. The evidence and testimony before this Court is that Mr. Lamberson prepared the petition, schedules and statement of financial affairs.

(3) Mr. Lamberson, under oath at that November 9, 2001 hearing admitted that he had abused the Seehusens and other people and that he had behaved inappropriately. *See, e.g.,* November 9, 2001 Transcript, p. 45, line 25, p. 46, lines 1–7.

(4) Mr. Lamberson concealed the sum of $4,500.00 paid to him in cash by the Debtors.

(5) Mr. Lamberson was disbarred from the practice of law in the State of Colorado on March 22, 2000. However, he continued to assist these Debtors and perhaps others in legal matters all the while holding himself out as an attorney.

(6) Despite being mailed to the proper address, Mr. Lamberson failed or refused to attend the hearing on September 25, 2001.

In view of the direct contempt of Mr. Lamberson and in view of his continuing frustration of the processes of this Court, the Court has no alternative but to certify the matter to the United States District Court for the District of Colorado for its review and action.

## V. *ORDER*

For the reasons set forth hereinabove, and based upon the findings of fact and conclusions of law recited herein, the Court orders as follows:

1. Mr. Lamberson is in civil contempt of this Court and a sanction in the sum of $500.00 shall enter against Mr. Lamberson for his failure to appear at a hearing scheduled before this Court on September 25, 2001. This sum shall be paid to the Court on or before **March 1, 2002**.

2. Mr. Lamberson is to pay into the registry of the Court, on or before **February 11, 2002**, the sum of $4,500.00 representing the sum paid to him by Bradley and Shereen Seehusen ("Debtors"). Failure to pay this sum into the Court's registry on or before February 11, 2002, will cause the Court to issue an additional sanction of $100.00 per day beginning **February 12, 2002**.

3. Mr. Lamberson is in violation of 11 U.S.C. § 110(b), (c) and (h) and he is hereby fined in the sum of $500.00. This sum shall be paid on or before **March 1, 2002**. This Court also concludes that under 11 U.S.C. § 110(h)(2) and (h)(4), Mr. Lamberson's fee of $3,400.00 to file this Chapter 7 bankruptcy case was excessive and, as a consequence, Mr. Lamberson shall turn over to the Debtors the sum of $3,400.00 on or before **March 1, 2002**.

4. This Court further finds that his actions were not only in violation of 11 U.S.C. § 110(b)(c) and (h), but his conduct was also in violation of L.B.R. 910 and his actions in representing these Debtors was "unfair and deceptive" and such conduct warrants certification to the United States District Court for the District of Colorado under 11 U.S.C. § 110(i) for its consideration and action, if any. Therefore, this Court hereby CERTIFIES this matter to the United States District Court pursuant to 11 U.S.C. § 110(i). This Court recommends to the United States District Court that Mr. Lamberson be fined for engaging in unfair and deceptive practices.

5. This matter is hereby CERTIFIED to the United States District Court for the District of Colorado for consideration of criminal contempt under Fed.R.Bankr.P. 9020.

6. The Clerk of the United States Bankruptcy Court shall transmit a copy of this decision and the Judgment herein to the Unauthorized Practice of Law Committee of the Supreme Court of the State of Colorado and the Committee on Conduct for the United States District Court for the District of Colorado for their review and appropriate action.