In re Sylvia Marieann BRUMMITT, Robert Wayne Mathis, II, Heather Ann Stewart, Hazel Louise Baptiste, Sabrina Marie Deel, Timothy Lanier Cole, Saundra Jean Brown, Eduardo Ramirez Correa and Donna Jean Correa, Debtors.

Bankruptcy Nos. 04–3639–3F7, 04–4140–3F7, 04–4206–3F7, 04–4443–3F7, 04–4595–3F7, 04–4990–3F7, 04–5298–3F7, 04–7275–3F7.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 21, 2005.

Sylvia Marieann Brummitt, Jacksonville, FL, pro se.

Robert Wayne Mathis II, Jacksonville, FL, pro se.

Heather Ann Stewart, Jacksonville, FL, pro se.

Hazel Louise Baptiste, Jacksonville, FL, pro se.

Sabrina Marie Deel, Orange Park, FL, pro se.

Timothy Lanier Cole, Jacksonville, FL, pro se.

Saundra Jean Brown, Jacksonville, FL, pro se.

Donna Jean Correa, Jacksonville, FL, pro se.

Eduardo Ramirez Correa, Jacksonville, FL, pro se.

## *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

JERRY A. FUNK, Bankruptcy Judge.

These cases came before the Court upon Motion for an Order: to Show Cause Regarding Failure by Bankruptcy Petition Preparer to Comply with 11 U.S.C. § 110 and for Unauthorized Practice of Law; Certifying this Matter to the United States District Court pursuant to § 110(i)(1); and for Further Sanctions pursuant to § 110 filed in each of the cases (collectively the "Show Cause Motions"). The Court conducted a hearing on October 28, 2004 and elected to take the matter under advisement. Upon the evidence and the post-hearing submissions of the parties, the Court makes the following Findings of Fact and Conclusions of Law.

## *FINDINGS OF FACT*

Robert Palmer is a disbarred attorney who operates a business called Legal Clinic. As part of that business, Palmer provides services to bankruptcy debtors. Palmer distributes business cards which reflect the name Legal Clinic and uses that name in advertising and on signs at his place of business.

On September 16, 2002 the United States Trustee sent Palmer a letter setting forth the requirements imposed by § 110 of the Bankruptcy Code, a provision dealing with bankruptcy petition preparers. (Trustee's Ex. 47). The letter specifically pointed out that a bankruptcy petition preparer who prepares a document on behalf of a debtor must sign the document and place his or her social security number after the signature. The letter also explained the penalties for violating § 110.

On or about April 7, 2004 Sylvia Marieann Brummitt engaged Palmer to help her prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), and Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Brummitt to execute. Brummitt executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on April 7, 2004. Brummitt filed the Voluntary Petition and accompanying documents on April 8, 2004.

On or about April 19, 2004 Robert Wayne Mathis, II engaged Palmer to help him prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Mathis to execute. Mathis executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on April 19, 2004. Mathis filed the Voluntary Petition and accompanying documents on April 22, 2004.

On or about April 22, 2004 Heather Ann Stewart engaged Palmer to help her prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Stewart to execute. Stewart executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on April 22, 2004. Stewart filed the Voluntary Petition and accompanying documents on April 23, 2004.

On or about April 21, 2004 Hazel Louise Baptiste engaged Palmer to help her prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Baptiste to execute. Baptiste executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on April 22, 2004. Baptiste filed the Voluntary Petition and accompanying documents on April 23, 2004.

On or about May 1, 2004 Sabrina Marie Deel engaged Palmer to help her prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Deel to execute. Deel executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on May 1, 2004.

Deel filed the Voluntary Petition and accompanying documents on May 4, 2004.

On or about May 7, 2004 Timothy Lanier Cole engaged Palmer to help him prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Cole to execute. Cole executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on May 7, 2004. Cole filed the Voluntary Petition and accompanying documents on May 14, 2004.

On or about May 13, 2004 Saundra Jean Brown engaged Palmer to help her prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for Brown to execute. Brown executed the paperwork and Palmer executed the Voluntary Petition as a non-attorney petition preparer on May 13, 2004. Brown filed the Voluntary Petition and accompanying documents on May 21, 2004.

On or about July 1, 2004 Eduardo Ramirez Correa and Donna Jean Correa engaged Palmer to help them prepare a Chapter 7 bankruptcy petition. Palmer prepared the petition (the "Voluntary Petition"), Bankruptcy Schedules A through J (the "Schedules"), Statement of Financial Affairs (the "SOFA"), Statement of Intention (the "SOI"), Disclosure of Compensation of Bankruptcy Petition Preparer (the "Disclosure") for the Correas to execute. The Correas executed the paperwork and

Palmer executed the Voluntary Petition as a non-attorney petition preparer on July 1, 2004. The Correas filed the Voluntary Petition and accompanying documents on July 15, 2004.

Palmer failed to list his social security number under his signature as the bankruptcy petition preparer on the Voluntary Petition in each of the above cases. Palmer failed to list his social security number under his signature on the declaration signed by him as the bankruptcy petition preparer relating to the preparation of the Schedules in each of the above cases. Palmer failed to list his social security number under his signature on the declaration signed by him as the bankruptcy petition preparer relating to the preparation of the SOFA in each of the above cases. Palmer failed to list his social security number under his signature on the declaration signed by him as the bankruptcy petition preparer relating to the preparation of the SOI in each of the above cases. Palmer failed to list his social security number under his signature on the Disclosure in each of the above cases. Palmer testified that he did not list his social security number on any of the above documents because he fears becoming a victim of identity theft.

On August 9, 2004 the United States Trustee served Palmer with a First Request for Admissions in each of the above cases. Paragraphs 22–24 and 26 of each of the First Request for Admissions respectively provide:

22. Admit that you gave the Debtor(s) advice on what values to state for the property listed on Schedule B–Personal Property

23. Admit that you gave the Debtor(s) advice on what exemptions were available to them under state or federal law in connection with your preparation of Schedule C–Property Claimed Exempt

24. Admit that in preparing the Schedule C–Property Claimed Exempt, you selected and/or identified, without the assistance of the Debtor(s), which exemptions applied to any property listed on Schedule A–Real Property or Schedule B–Personal Property

26. Admit that you gave the Debtor(s) advice on what property to retain or surrender and on entering into Reaffirmation Agreements and the effect of entering into same.[1]

Palmer did not respond to the First Request for Admissions in any of the above cases. On August 12, 2004 the Court entered an order consolidating the Show Cause Motions for purposes of discovery and trial.

### CONCLUSIONS OF LAW

The October 22, 1994 amendments to the Bankruptcy Code added 11 U.S.C. § 110. Section 110 prescribes the penalties and remedies for certain actions of a "bankruptcy petition preparer". That section defines a "bankruptcy petition preparer" as a "person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." Preliminarily, Palmer argues that he is not a bankruptcy petition preparer because he is an attorney, albeit a disbarred one. However, § 110 applies to a disbarred attorney. *See In re Seehusen*, 273 B.R. 636, 643 (Bankr.D.Colo.2001).

The Show Cause Motions allege that Palmer: 1) violated § 110(c)(1) by failing to list his social security number on the Voluntary Petition and the accompanying

---

1. Paragraph 26 of the First Request for Admissions in the case of Sylvia Marieann Brummitt (Case No. 04–3639–3F7) did not include the language concerning reaffirmation agreements.

documents in each of the above cases; 2) violated § 110(f)(1) by using the name Legal Clinic on business cards, in advertising, and on signs at his place of business; and 3) engaged in the unauthorized practice of law. Finally, the United States Trustee requests that the Court certify this matter to the United States District Court pursuant to § 110(i)(1).

### 11 U.S.C. § 110(c)

▮ Paragraph (c)(1) of § 110 requires a bankruptcy petition preparer to list his or her identifying number (defined in (c)(2) as the preparer's social security number) on any document he or she prepares for filing. Palmer's failure to list his social security number under his signature on the Voluntary Petition in each of the above cases is a violation of § 110(c)(1). Palmer's failure to list his social security number under his signature on the declaration signed by him as bankruptcy petition preparer relating to the preparation of the Schedules in each of the above cases is a violation of § 110(c)(1). Palmer's failure to list his social security number under his signature on the declaration signed by him as the bankruptcy petition preparer relating to the preparation of the SOFA in each of the above cases is a violation of § 110(c)(1). Palmer's failure to list his social security number under his signature on the declaration signed by him as the bankruptcy petition preparer relating to the preparation of the SOI in each of the above cases is a violation of § 110(c)(1). Palmer's failure to list his social security number under his signature on the Disclosure in each of the above cases is a violation of § 110(c)(1).

▮ Paragraph (c)(3) of § 110 provides that "[a] bankruptcy petition preparer who fails to comply with [§ 110(c)(1)] may be fined not more than $500 for each such failure unless the failure is due to reasonable cause." Palmer testified that he failed to list his social security number on the documents in each of the above cases because he fears becoming a victim of identity theft. However, the government's interest in preventing fraud and the unauthorized practice of law in the bankruptcy petition preparer industry and in facilitating public access to judicial proceedings outweighs a preparer's concern that disclosing his social security number may make him vulnerable to being a victim of identity theft. *See Ferm v. United States Trustee (In re Rausch)*, 194 F.3d 954, 959–960 (9th Cir.1999), *cert. denied* 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000). The Court finds that Palmer's failure to list his social security number is not due to reasonable cause.

### 11 U.S.C. § 110(f)

▮ Paragraph (f)(1) of § 110 provides that "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term." Palmer's use of the name Legal Clinic on business cards, in advertising, and on signs at his place of business is a violation of § 110(f)(1). Paragraph (f)(2) of § 110 provides that a preparer shall be fined for a violation of § 110(f)(1) in an amount not to exceed $500 for each such violation. The Court will imposes sanctions in the amount of $500.00 in each of the above cases, $250.00 of which represents Palmer's violations of § 110(c)(1) and $250.00 of which represents Palmer's violations of § 110(f)(1).

### Unauthorized Practice of Law

▮ The United States Trustee asserts that Palmer engaged in the unauthorized practice of law by: 1) advising the Debtors on what values to state for the property listed on Schedule B–Personal

Property or undertaking the valuation of those items of property independently without the Debtors' involvement; 2) advising the Debtors on what exemptions were available to them under state or federal law in connection with his preparation of the Schedule C–Property Claimed Exempt or undertaking the identification of such exemptions independently without the Debtors' involvement; and 3) advising the Debtors on what property to retain or to surrender and on entering into reaffirmation agreements and the effect thereof.

■ Because Palmer failed to respond to the First Request for Admissions in each of the above cases, the Court finds that the admissions contained therein are deemed admitted and are conclusively established. *See In re Tabar,* 220 B.R. 701, 703 (Bankr.M.D.Fla.1998). The Court finds that Palmer's advice to the Debtors as to: 1) the availability of exemptions under state or federal law; 2) what property to retain or surrender; and 3) whether to enter into reaffirmation agreements and the effect thereof constitutes the unauthorized practice of law. The Court does not find that Palmer's advice to the Debtors on what values to assign to property on Schedule B constitutes the unauthorized practice of law.

### Certification to the District Court pursuant to 11 U.S.C. § 110(i)(1)

Finally, the Trustee requests that the Court certify this matter to the United States district court. Section 110(i)(1) provides that "if a bankruptcy petition preparer violates this section ... the bankruptcy court shall certify that fact to the district court..." Having found that Palmer violated various provisions of § 110, the Court will certify these findings to the district court. The Court will enter a separate order in each of these cases consistent with these Findings of Fact and Conclusions of Law.