**In re George Lester AVERY, Debtor.**

**United States Trustee,
Plaintiff/Movant,**

**v.**

**Shariann Summerrain,
Defendant/Respondent.**

**No. 01–28602 EEB.**

United States Bankruptcy Court,
D. Colorado.

June 17, 2002.

---

Shariann Summerrain, Calhan, Co, pro se.

Lynn Martinez, Pueblo, CO, U.S. Trustee.

## ORDER AND JUDGMENT IMPOSING FINE FOR VIOLATION OF 11 U.S.C. § 110 BY BANKRUPTCY PETITION PREPARER

ELIZABETH E. BROWN, Bankruptcy Judge.

THIS MATTER having come before the Court on the U.S. Trustee's Motion to Examine Debtor's [sic] Transactions with the˙ Debtor Pursuant to 11 U.S.C. § 110 and Response thereto filed by Shariann Summerrain ("Summerrain"), and after an evidentiary hearing on the same, the Court hereby FINDS and CONCLUDES as follows:

### I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and the Order of the United States District Court for the District of Colorado referring bankruptcy cases to this Court. The Trustee's Motion requests a determination that Summerrain, as a petition preparer, violated 11 U.S.C. §§ 110(b)(1), (c)(1) & (2) and (g)(1) and seeks imposition of fines. Based on evidence presented at the evidentiary hearing, this Court will also *sua sponte* determine whether Summerrain's conduct violated 11 U.S.C. §§ 110(d)(1) and (f)(1). As discussed *in-*

*fra*, this Court has authority to directly impose fines for violation of each of these sections without certification to the District Court.[1] 11 U.S.C. §§ 110. *See Order Interpreting 11 U.S.C. § 110 Which Governs Conduct of Non–Lawyers Bankruptcy Petition Preparers and Delineating the Relationship, Powers and Functions of the Bankruptcy Court and the District Court Under the Statute,* 198 B.R. 604 (C.D.Cal. 1996).

## II. FACTUAL FINDINGS

1. **Filings of Debtor.** The necessary documents for Debtor George Avery's Chapter 7 bankruptcy case, with the exception of the $200 filing fee, were filed with this Court on December 28, 2001. The documents filed include: Debtor's Petition, the Statement of Financial Affairs, the Statement of Intent, the Schedules of Assets and Liabilities, the Summary of Schedules, the Declaration Concerning Debtor's Schedules and the Verification of Creditor Matrix. Notably, at least three of these filings—the Statement of Financial Affairs, the Statement of Intent and the Declaration Concerning Debtor's Schedules—fail to conform to the Official Forms issued by the Judicial Conference of the United States and adopted in this District because the required signature block for the petition preparer(s) has been deleted. Although filed in December 2001, Debtor signed his filings on September 21, 2001.

Also included with Debtor's filings is a Disclosure of Compensation of Bankruptcy Petition Preparer ("Disclosure") and a general Certification and Signature of Non–Attorney Bankruptcy Petition Pre-

parer ("Certification") which indicate that Summerrain on behalf of "Independant [sic] Paralegal Associates" prepared filings for Debtor for a fee of $200. Summerrain also signed Debtor's Petition as a non-attorney petition preparer. In none of these filings did Summerrain list her address or social security number. Instead, Summerrain either left the space provided for such information blank or listed the tax identification number and business address of Independant Paralegal Associates. No individuals other than Summerrain are listed as having prepared or assisted in preparing Debtor's filings. Each of Ms. Summerrain's three signatures bear the date of September 21, 2001.

2. **Summerrain's Contact with Debtor.** Summerrain testified that she provided petition preparation services to Debtor through Independant Paralegal Associates, a general partnership of which she was a general partner.[2] According to Summerrain, Debtor first contacted her regarding filing for bankruptcy sometime prior to September 2001. Summerrain conducted Debtor's initial consultation and, upon Debtor's payment of a $200 fee, she prepared Debtor's paperwork. Kim Laury, an employee of Independant Paralegal Associates, also assisted in preparing Debtor's filings. Summerrain stated that she did not immediately file Debtor's paperwork with the court because Debtor did not have the required $200 court filing fee. As was her usual practice, Summerrain provided Debtor with a copy of all the filings she prepared, *except for the Petition,* after he signed them. Summerrain did not provide a copy of the Petition to

---

1. Unless otherwise specified, all references to "Sections" are to Title 11, United States Code.

2. Summerrain testified that she recently "dissolved" Independant Paralegal Associates and

is no longer providing petition preparation services. However, she admits that the partnership existed and that she was a general partner at the time she prepared and mailed Debtor's filings.

Debtor at that time but instead included a self-addressed stamped envelope with Debtor's packet of filings so that a file-stamped copy of the Petition could be mailed directly to Debtor by the Court after the required filings were made.

At some point between September and December 2001, Debtor provided the $200 filing fee to Independant Paralegal Associates in the form of a money order made payable to the Bankruptcy Court. Summerrain testified that Kim Laury accepted the check from Debtor on behalf of Independant Paralegal Associates, and placed it with the packet of Debtor's yet-to-be-filed documents. Sometime later, Summerrain admits she placed Debtor's packet of filings, including the $200 filing fee, in an envelope and personally mailed it to the Bankruptcy Court. Although Summerrain believes she included Debtor's court filing fee with the packet, the Court did not receive it. On December 31, 2001 a Notice of Filing Fees Deficiency (the "Notice") was entered in Debtor's case. Summerrain testified that Debtor contacted her regarding the Notice and she advised him to place a trace on the money order but otherwise took no action. Court records indicate that Debtor requested and was granted an extension of time until February 25, 2002 to submit payment of the filing fee. To date, the missing filing fee has not been located and Debtor has made no payment.

3. **Advertising.** Ms. Summerrain testified that she is unsure of how Debtor found out about Independant Paralegal Associates but believes someone referred him to her. Summerrain further testified that she placed advertisements for Independant Paralegal Associates in the Colorado Springs phone book and the "Thrifty Nickle" newspaper. In both publications, she listed the advertisements under "Independant Paralegal Associates." According

to Summerrain, Independant Paralegal Associates did not have official letterhead. However, Summerrain admits that the Response she filed with this Court was written on Independant Paralegal Associates letterhead. Ms. Summerrain was unsure whether any correspondence was sent to the Debtor on similar Independant Paralegal Associates letterhead.

## III. LEGAL ANALYSIS

Section 110 of the Bankruptcy Code regulates the conduct of "bankruptcy petition preparers." It defines them as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A "document for filing" means a bankruptcy petition or any other document prepared for filing in a case under Title 11, United States Code. 11 U.S.C. § 110(a)(2). This statute imposes certain requirements on petition preparers, and proscribes specific types of improper and illegal conduct. The statute provides for sanctions against petition preparers who violate its provisions in the form of fines, disgorgement of fees, damage awards, and injunctive relief.

In Section 110(b) through (g), the statute imposes a fine of not more than $500 for each enumerated violation. Imposition of fines is discretionary and fines should not be imposed if the failure is "due to reasonable cause." "Reasonable cause" is not defined by the Bankruptcy Code. The statute is silent as to whether it is the bankruptcy court or the district court which adjudicates the violation and determines whether to impose the fine.

Section 110(i) provides for the award of damages to the debtor for certain types of misconduct. This subsection is more explicit as to the proper procedure for adjudicating a debtor's entitlement to an award. It requires the bankruptcy court

to certify its factual findings to the district court. It then requires the moving party in the bankruptcy proceeding to file a motion with the district court, requesting the entry of an award of damages in accordance with the bankruptcy court's findings.

Finally, Section 110(j) allows certain specified persons (the bankruptcy court not specifically mentioned among them) to bring a "civil action," seeking an injunction against future improper conduct by a petition preparer. The scope of the injunction may be limited to future violations of the statute or, in the face of repeated violations and/or failure to pay penalties, it may restrain the petition preparer from acting as a preparer in any form. Once again the statute is silent as to which court will issue the injunction and it does not define "civil action."

In the Central District of California, the United States District Court entered a general order, "Interpreting 11 U.S.C. § 110 Which Governs Conduct of Non–Lawyer Bankruptcy Petition Preparers and Delineating the Relationship, Powers and Functions of the Bankruptcy Court and the District Court Under the Statute" (the "General Order"). *General Order,* 198 B.R. 604 (U.S.D.C.C.D.Cal.1996). In this district in which apparently "more bankruptcies are filed [...] than in any of nine entire circuits," and where many petition preparers operate, the courts experienced a flood of proceedings alleging violations of Section 110. *Id.* at 606. In the face of the ambiguities in the statute as to its role, except in connection with damage awards under Section 110(i), the bankruptcy court had been interpreting its role narrowly and essentially certifying every violation, despite the form of relief sought, to the district court. In the General Order, the district court found that "[n]othing in the statutory language leads to such a restrictive construction. The misconduct

occurs in the Bankruptcy Court and the Bankruptcy Court adjudicates whether the misconduct has in fact occurred. There is no valid reason, in the statutory language or in logic, for denying to the Bankruptcy Court the authority to impose these fines." *Id.* at 608. Similarly, it found no reason to deprive the bankruptcy court of jurisdiction to disallow excess fees, order turnover, and imposes fines for the failures to comply. *Id.* It also ruled that the bankruptcy court was the proper court to entertain the "civil action" and to pronounce an injunction, if warranted, and included within its jurisdiction the power to award fees and costs under Section 110(j). *Id.* at 609.

In the absence of contrary instruction from the United States District Court for the District of Colorado or the Tenth Circuit, this Court will follow the interpretation set forth in the General Order as to the role of the bankruptcy court in these proceedings. Of course, as with any final order of the bankruptcy court, the petition preparer may appeal in the normal fashion to the district court any bankruptcy court order imposing fines or injunctions or ordering the turnover of fees. In this case, the Trustee has not requested injunctive relief or damages, but seeks only imposition of fines for violations of Section 110.

## A. Section 110(b)(1)

▮ Section 110(b)(1) requires a petition preparer to sign each "document for filing" that he or she prepares and to print his or her name and address on the document. As stated above, Section 110 defines a bankruptcy petition preparer as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). A "person" is defined by the Bankruptcy Code as an individual, partnership or corporation. 11 U.S.C.

§ 104(41). Under these definitions, both Independant Paralegal Associates as a general partnership and Summerrain as an individual are considered bankruptcy petition preparers. As such, the names and addresses of both should have been provided on every document Summerrain prepared. *In re Gomez,* 259 B.R. 379, 384 (Bankr.D.Colo.2001) (requiring name and address of both individual and corporate petition preparer). On three of Debtor's filings, (the Petition, the Certification [3] and the Disclosure) Summerrain signed her name and provided the name and address of Independant Paralegal Associates but did not provide her personal address. On at least three other filings (the Statement of Financial Affairs, the Statement of Intent, the Declaration Concerning Debtor's Schedules), Summerrain completely omitted the required petition preparer signature block found in the Official Forms and, accordingly, failed provide any name, address or signature. The omission of required information (*i.e.* names, signatures and/or addresses) on each of these six filings is a separate violation of Section 110(b)(1). *See In re Gomez,* 259 B.R. at 384; *In re Hartman,* 208 B.R. 768, (Bankr. D.Mass.1997) (finding omission of petition preparer's address on each of debtor's filings amounted to separate violations of § 110(b)).

### B. Section 110(c)(1) & (2)

Sections 110(c)(1) & (2) require a petition preparer to disclose an identifying number defined as the preparer's social security number with the preparer's signature on each document for filing prepared. The purpose of Section 110(c) is to police fraud and abuse by petition preparers. *In re Rausch,* 197 B.R. 109, 116 (Bankr. D.Nev.1996), *aff'd sub nom., In re Crawford,* 194 F.3d 954 (9th Cir.1999). Disclosure of social security numbers facilitates this purpose by permitting the public to identify unscrupulous preparers and by detecting and tracking their activities in the bankruptcy system. *Id.* In this case, Summerrain provided only the tax identification number for Independant Paralegal Associates on three of Debtor's filings. Summerrain failed to list her social security number on any of Debtor's filings. As discussed above, Summerrain is a "petition preparer," as that term is defined by Section 110(a). Accordingly, she must provide her social security number along with her signature on each document she prepares. 11 U.S.C. § 110(c)(2). Supplying the tax identification number of the partnership

---

**3.** The Certification is a standard bankruptcy form that may be used by a petition preparer to certify that he or she prepared a particular document for filing and to provide the identifying information required by Section 110. *See* Official Bankruptcy Form 19, Certification and Signature of Non–Attorney Bankruptcy Petition Preparer. However, because the Section 110 requires identifying information to be provided on *each* document for filing prepared by a petition preparer, the Certification cannot be used to certify preparation of multiple filings. As explained in the Advisory Committee Notes to the Official Form: "This form or adaptations of this form have been incorporated into the official forms of the voluntary petition, the schedules, the statement of financial affairs, and other official forms that typically would be prepared for a debtor by a bankruptcy petition preparer. This form is to be used in connection with *any other document* that a bankruptcy petition preparer prepares for filing by a debtor in a bankruptcy case" Official Bankruptcy Form 19, Advisory Committee Note to 1995 Amendment (emphasis added). In this case, it is unclear whether Summerrain intended the Certification to cover multiple filings or one in particular because it does not specify which filing it relates to. Whatever its intended purpose, the Certification does not meet the requirements of Section 110 because, as discussed above, it does not include Summerrain's address or social security number.

through which she conducted business does not meet the plain requirements of Section 110(c). *In re Gomez,* 259 B.R. 379, 384 (Bankr.D.Colo.2001) (requiring individual to provide social security number even though petition preparer was employee of corporation). Moreover, allowing a petition preparer to circumvent the requirements of Section 110(c) in such a manner would undermine the purposes of Section 110(c) by inhibiting the easy identification and tracking of unscrupulous petition preparers. *See In re Rausch,* 197 B.R. at 116 (rejecting argument that petition preparer should be allowed to use some form of identification other than social security number because "[u]se of an alternative number ... would be less effective for tracking the identifies of petition preparers in the nation-wide bankruptcy system"). Accordingly, the Court finds that the omission of Summerrain's social security number on each of the following filings is a violation of Section 110(c): the Petition, the Certification, the Disclosure, the Statement of Financial Affairs, the Statement of Intent and the Declaration Concerning Debtor's Schedules.

## C. Section 110(d)(1)

■ Subsection 110(d)(1) provides that the petition preparer "shall, not later than the time at which a document for filing is presented for the debtor's signature, furnish to the debtor a copy of the document." Summerrain testified that she provided Debtor with copies of all the documents she prepared on the date he signed them, except for his Petition. Instead of furnishing Debtor with a copy of his Petition, Summerrain followed her usual practice of including a self-addressed stamped envelope with Debtor's packet of filings so that a file-stamped copy of the Petition could be mailed directly to Debtor by the Court after the required filings were made. Debtor's Petition bears a signature date of September 21, 2001. Debtor's Petition was file-stamped on December 28, 2001. Assuming the Court clerk's office mailed a file-stamped copy to Debtor as requested, Debtor did not receive a copy of his Petition until at least three months after he signed it. Summerrain's failure to provide Debtor with a copy of his Petition on or before September 21, 2001 is a violation of Section 110(d)(1). *See, e.g., In re Hartman,* 208 B.R. 768, 777 (Bankr.D.Mass.1997) (finding petition preparer violated § 110(d)(1) by failing to provide copies of documents he prepared to debtor).

## D. Section 110(f)(1)

■ Subsection 110(f)(1) provides that the petition preparer "shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term." Courts have held that advertising under the category "paralegal" and that use of the words "paralegal" give the impression that the services offered are legal ones, thereby misleading lay persons into believing legal services are being provided. *In re Gomez,* 259 B.R. at 385 (finding use of "paralegal" trade name in advertisements violates § 110(f)); *In re Craig,* Case No. 00–10792 DEC (Bankr. D.Colo. August 29, 2000) (use of the word "paralegal" creates a false impression because it suggests that the services include some legal expertise or judgment); *In re Moffett,* 263 B.R. 805 (Bankr.W.D.Ky.2001) (finding that bankruptcy petition preparer violated section 110(f)(1) where her business cards contained the word paralegal).

A recent opinion from this District discusses the propriety of using a trade name that includes the word "paralegal":

> ... In addition, any use of the trade name Eagle Paralegals, LTD to advertise by letterhead, brochures, answering

the telephone, or in communications with prospective debtors also violates this section. The name itself incorporates the proscribed term "legal" and connotes specialized legal expertise or knowledge. Petition preparer advertising must steer clear of any suggestion that the preparer will be offering legal services or insights. *In re Moore,* 232 B.R. 1, 12 (Bankr.D.Maine 1999). Section 110(f) is designed to ensure that debtors understand exactly what they will and will not receive from bankruptcy petition preparers. *In re Farness,* 244 B.R. 464, 468 (Bankr.D.Idaho 2000). The use of the word "paralegal" violates the letter and spirit of § 110(f).

*In re Gomez,* 259 B.R. at 385. This Court agrees with the reasoning in *Gomez* that a bankruptcy petition preparer who does business under a trade name incorporating the word "paralegal" and advertises such trade name violates Section 110(f)(1).

In this case, Summerrain offered bankruptcy petition preparation services under the trade name "Independant Paralegal Associates." The full extent to which Summerrain used this trade name to advertise her business is unclear. However, by Summerrain's own testimony, it is clear that at a minimum, Summerrain advertised under her trade name in the Colorado Springs phone book, the Thrifty Nickle newspaper, as well as in some business letterhead. These advertisements are a violation of Section 110(f)(1).

### E. Section 110(g)(1)

■ Section 110(g)(1) provides that "a bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition." Courts have recognized three reasons for the enactment of this Section: "(1) preventing the unauthorized filing of petitions;

(2) preventing or curtailing the preparer's influence on a debtor's decision and timing on petition filing; and (3) preventing a preparer's misrepresentation, or misquoting of the filing fee." *In re Green,* 197 B.R. 878, 879 (Bankr.D.Ariz.1996). Given this reasoning, Section 110(g) prohibits a petition preparer from taking possession of a debtor's filing fee in any form—including acceptance a debtor's check or money order made payable to the bankruptcy court for later delivery to the court. *E.g., In re Green,* 197 B.R. at 880; *In re Moffett,* 263 B.R. at 812; *In re Jones,* 227 B.R. 704, 705–06 (Bankr.S.D.Ind.1998); *In re Wallace,* 227 B.R. 826, 828 (Bankr.S.D.Ind. 1998); *In re Burdick,* 191 B.R. 529, 535 (Bankr.N.D.N.Y.1996).

■ Here, Summerrain admits in her Response that she routinely directed her clients to provide her with a money order made out to the U.S. Bankruptcy Court for the filing fee and that once she received the client's money order, she mailed it to the Court along with the client's filings. Summerrain further admits that Debtor followed this procedure by giving a $200 money order made payable to the U.S. Bankruptcy Court to Independant Paralegal Associates and that she enclosed that money order with Debtor's filings and mailed it to the Court. Summerrain's handling of Debtor's filing fee in this manner violates Section 110(g)(1). The fact that Summerrain did not personally accept a check from Debtor but instead authorized an employee of Independant Paralegal Associates to do so does not change this conclusion because Summerrain admits she personally placed the money order, along with Debtor's filings, in the mail. Moreover, the acts of Independant Paralegal Associates' employees are imputable to the partnership and to Summerrain, as general partner. *See Gomez,* 259 B.R. at 384 (finding acts of an employee of

corporate petition preparer imputable to corporation); *Bank of Denver v. Southeastern Capital Group, Inc.*, 763 F.Supp. 1552, 1560 (D.Colo.1991) (recognizing "well-established Colorado rule that partners are jointly and severally liable for the wrongs of the partnership."). Summerrain's argument that she relied on statements of a clerk of the Bankruptcy Court is also misplaced as reliance on statements of court employees cannot justify failure to comply with the clearly written statutory requirements of Section 110. *Cf. In re Frontier Airlines*, 108 B.R. 274, 276–77 (D.Colo.1989) (misleading advice of court clerk cannot extend jurisdiction deadline for filing notice of appeal); *In re Furst*, 206 B.R. 979 (10th Cir. BAP 1997) (advising pro se litigant that advice from court clerk is "merely advice and cannot excuse a failure to meet fundamental jurisdictional requirements.").

## IV. FINES

■■■■■ The penalty for violation of Sections 110(b)—(g) is a fine of not more than $500 for each failure to comply. Imposition of fines for violations of Sections 110(f) and (g) is mandatory and we therefore need not address Summerrain's defenses under those sections. *See* 11 U.S.C. § 110(f)(2) & (g)(2) (stating that a petition preparer "shall" be fined not more than $500 for each violation.). However, Sections 110(b), (c), and (d) allow the preparer to avoid fines relating to violations of those provisions upon a showing that "the failure was due to reasonable cause." 11 U.S.C. § 110(b)(2), (c)(2) & (d)(2).

■■■■ In this case, Summerrain has presented no evidence of "reasonable cause" for her violations of Sections 110(b), (c) or (d). When asked why she failed to provide her address and social security number, Summerrain stated that she "didn't know" and that she believed it was sufficient to

provide the name and address of Independant Paralegal Associates. While we understand that Summerrain may have been unaware or confused about the requirements of Section 110, ignorance of the law does not constitute "reasonable cause" for noncompliance with the statute. *In re Hartman*, 208 B.R. at 778 ("A preparer's ignorance or unawareness of 11 U.S.C. § 110 does not constitute reasonable cause for noncompliance with the statute."); *In re Ali*, 230 B.R. 477, (Bankr.E.D.N.Y.1999) ("Ignorance of the law is not reasonable cause to forego the imposition of fines."); *In re Paskel*, 201 B.R. 511, 518 (Bankr. D.Ark.1996) (same). Thus, this Court finds no reasonable cause for Summerrain's violations of Sections 110(b), (c) or (d) and fines may be assessed for each violation of those sections in addition to the mandatory fines this Court must impose for violations of Sections 110(f) and (g).

■■■■■ To determine the total amount of Summerrain's fines, we must first assess how many violations occurred. As discussed above, Summerrain violated Section 110(b)(1) by failing to provide her name, signature and/or address on six of Debtor's filings: the Certification, the Disclosure, the Petition, the Statement of Intent, the Statement of Financial Affairs and the Declaration Concerning Debtor's Schedules. Summerrain also violated Section 110(c)(1) by failing to provide her social security number on those same six documents. Two violations for each of the six documents results in a total of 12 violations and a fine not to exceed $6,000. In addition, Summerrain violated Section 110(d)(1) by failing to provide Debtor with a copy of the Petition at the time of signing (fine of up to $500); violated Section 110(f) by advertising with the trade name using term "paralegal" (fine up to $500); and violated Section 110(g)(1) by taking

possession of Debtor's filing fee (fine up to $500). In total, Summerrain faces a *potential* fine of up to $7,500. However, Section 110 gives the court some discretion to determine the amount of fines to be assessed so long as the amount imposed does not exceed the maximum prescribed by the statute. In this case, the Court will exercise that discretion to impose a total fine of $1,000 for all of Summerrain's violations of Section 110.

## V. CONCLUSION

A. The Court hereby ORDERS that:

1. Summerrain pay a fine of $1,000.00 to the Clerk of the Bankruptcy Court for her violations of 11 U.S.C. §§ 110(b)(1), (c)(1) & (2), (d)(1), (f)(1) and (g)(1).

2. In order to ensure compliance with this Order, Summerrain shall be required to file an affidavit of payment within thirty days from the date of this Order. Should Summerrain fail to pay the fines as required in this order, this Court may amend its order to increase Summerrain's fines to $7,500, the maximum allowed under the statute.

3. The Court directs the Clerk of the Bankruptcy Court to apply $200 of the fine paid by Summerrain to the court filing fee of Debtor, George Lester Avery.