**In re Rachel Nicole COY, Debtor.**

**No. 04–BK–01706–PMG.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 13, 2005.

---

Rachel Nicole Coy, Port Richey, FL, pro se.

## ORDER ON MOTION TO REQUEST NON–ATTORNEY'S SS# BE MASKED ON DEBTOR'S PETITION AND CASE FILE

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Request Non–Attorney's SS# [Social Security number] Be Masked on Debtor's Petition and Case File, filed by New Horizon, Inc., Sandra Jackson, Owner, on March 15, 2004.

### Background

The Debtor, Rachel Nicole Coy, filed her Chapter 7 petition and related documents on January 29, 2004. The petition and documents were prepared for the Debtor by bankruptcy petition preparers, New Horizon, Inc., and Sandra Jackson ("Ms. Jackson"). Ms. Jackson is the owner of New Horizon, Inc., and is the individual who prepared the petition and documents for the Debtor. The filed documents included the Petition, Schedules, Statement of Financial Affairs, and Statement of Intentions. In the sections of these documents that require the Certification and Signature of Non–Attorney Bankruptcy Petition Preparer, "New Horizon, Inc." is shown as the "Printed [or Typed] Name of Bankruptcy Petition Preparer" and "59–3730713" is shown on the line for "Social Security Number (Required by 11 USC § 110(c))." The space provided for the "Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document" was left blank. Each document was signed: "Sandra Jackson; New Horizon, Inc." In the statement entitled "Disclosure of Compensation of Bankruptcy Petition Preparer" that was also filed with the Debtor's bankruptcy petition, the same number, 59–3730713 (the corporate federal tax identification number for New Horizon, Inc.), was provided in the space for Social Security number.

A Notice of Incomplete and/or Deficient Filing was generated by the Court, noting that:

> Statement of Assistance by Non–Attorney Petition Preparer is not signed or properly executed pursuant to § 110(b)(1) and L.B.R. 1007–1(b) and/or the declaration of fees paid to Non–Attorney Petition Preparer pursuant to § 110(h)(1) of the Bankruptcy Code was not filed or was not properly executed.

An Amended Disclosure of Compensation of Bankruptcy Petition Preparer was filed. This disclosure was signed "New Horizon, Inc.; Sandra Jackson." In the space provided for the Social Security Number, the corporation's federal tax identification number is shown, followed by a slash, five x's, and four numerals. At the same time, this Motion To Request Non–Attorney's SS# Be Masked on Debtor's Petition & Case File was filed, asking the Court to "…allow the non-attorney's SS# be masked on debtor's petition and case file and for any other filings as the court deems appropriate to protect the non-attorney's social security number."

A hearing was held on the motion, and was attended by Ms. Jackson and Patrick Tinker, Esq. of the U.S. Trustee's Office in Tampa. Following the hearing, Ms. Jackson filed an Amended Disclosure of Compensation of Bankruptcy Petition Preparer to Add Identifying Number. This disclosure was signed "Sandra Jackson; New Horizon, Inc." In the space provided for the Social Security Number of the preparer, the corporation's federal tax identification number is shown, followed by a slash and nine numerals.

## Discussion

 Since an Amended Disclosure of Compensation was filed, adding a nine digit number to the information originally disclosed, it is necessary to consider whether the motion before the Court is now nonjusticiable. As stated by the Third Circuit Court of Appeals in *In re Surrick*, 338 F.3d 224, 229 (3d Cir.2003), *cert. denied* 540 U.S. 1219, 124 S.Ct. 1509, 158 L.Ed.2d 154 (2004), the existence of a case or controversy requires three factors:

1. a legal controversy that is real and not hypothetical,

2. a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and

3. a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

Accordingly, the motion does not become moot simply because an additional "identifying number" was added to the Disclosure of Compensation statement. The identifying number does not appear in the sections of the Debtor's petition, schedules, statement of financial affairs, and statement of intention, all of which require the individual petition preparer's Social Security number. Additionally, the motion is one not to omit Ms. Jackson's Social Security number from the documents, but to mask her Social Security number so that it is not publicly disclosed. Therefore, the controversy is real, it affects Ms. Jackson in a concrete manner, and it is opposed by the Office of the United States Trustee, making it a legal controversy with sufficiently adverse parties.

## Application of 11 U.S.C. § 110

Section 110 of the Bankruptcy Code contains several subsections of note:

## 11 USC § 110. Penalty for persons who negligently or fraudulently prepare bankruptcy petitions

(a) In this section—

(1) "bankruptcy petition preparer" means a person [1], other than an attorney or an employee of an attorney, who prepares for compensation a document for filing; and

(2) "document for filing" means a *petition* or *any other document* prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place *on the document,* after the preparer's signature, *an identifying number that identifies individuals who prepared the document.*

(2) For purposes of this section, *the identifying number* of a bankruptcy petition preparer *shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.*

(3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

(d)(1) A bankruptcy petition preparer shall, not later than the time at which a

1. " 'person' includes individual, partnership, and corporation, ...." 11 U.S.C. § 101(41).

document for filing is presented for the debtor's signature, *furnish to the debtor a copy* of the document.

. . . . .

(g)(1) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

. . . . .

(h)(1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor...

[Emphasis supplied.]

While the term "bankruptcy petition preparer" includes individuals, partnerships, and corporations, the Code is clear that the identifying number placed on the document must identify the individuals who prepared the document, and the Code is also clear that the identifying number must be the Social Security account number of each individual who prepared the document or assisted in its preparation.

Numerous courts have held, in a variety of cases where there was a question as to the entry of the Social Security number of the petition preparer on the documents, that the Social Security number of the individual person who prepares the petition must be entered as the identifying number in accordance with § 110(c)(1) and (c)(2). *See In re Rausch*, 197 B.R. 109, 116 (Bankr.D.Nev.1996), *aff'd* 213 B.R. 364 (D.Nev.1997), *aff'd sub nom Ferm v. United States (In re Crawford)*, 194 F.3d 954 (9th Cir.1999), *cert. denied* 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000)("Section 110(c) is an express statutory requirement that a petition preparer's

SSN be placed upon the document prepared for filing."); *In re Gomez*, 259 B.R. 379, 384 (Bankr.D.Colo.2001)("Furthermore, the requirement of § 110(c)(1), requiring the disclosure of the petition preparer's Social Security Number implies that the disclosures on bankruptcy documents must be made only by individuals, rather than partnerships or corporations."); *In re Avery*, 280 B.R. 523, 529–30 (Bankr.D.Colo.2002)("Supplying the tax identification number of the partnership through which [the petition preparer] conducted business does not meet the plain requirements of Section 110(c)."); *In re Nieves*, 290 B.R. 370, 377 (Bankr.C.D.Cal.2003)("Section 110(c)(1) ... requires a bankruptcy petition preparer to place on each document, after the preparer's signature, the Social Security number of each individual who either prepared or assisted in the preparation of the document."); *In re Brummitt*, 323 B.R. 522, 527 (Bankr.M.D.Fla.2005)(each failure of the petition preparer to list his Social Security number under his signature in the petition, the declaration relating to the preparation of schedules, the declaration relating to the statement of financial affairs, the declaration relating to the preparation of the statement of intention, and the disclosure of compensation statement is a separate violation of § 110(c)(1)); and *In re Rankin*, 320 B.R. 171, 182 (Bankr.D.Mont.2005)("Printing only the last 4 digits of a BPP's Social Security number is a violation of the plain language of § 110(b). So is failing to place the complete Social Security number on the document while referring the reader to a separate document.")

■ Therefore, omissions of Ms. Jackson's Social Security number on each of the Debtor's documents for filing constitute violations of § 110(c)(1). The placement of the federal tax identification num-

ber of the corporation does not satisfy the requirement of the statute. The statute is clear, and the Social Security number of "each individual who prepared the document or assisted in its preparation" must be placed on each document, including in this case the petition, the schedules, the statement of financial affairs, and the statement of intention.

The Ninth Circuit Court of Appeals has affirmed lower court decisions that held that § 110 does not violate a petition preparer's equal protection, due process, and privacy rights. *See Ferm v. United States (In re Crawford),* 194 F.3d 954 (9th Cir. 1999), *cert. denied,* 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000). (In addition, it has been held that Section 110(c) does not violate a petition preparer's constitutional right to the free exercise of religion or the Religious Freedom Restoration Act of 1993. *In re Turner,* 193 B.R. 548, 554–5 (Bankr.N.D.Cal.1996).)

■ At the time the debtor executes the documents for filing, the petition preparer must give copies of the completed documents to the debtor, pursuant to § 110(d). Ms. Jackson stated at the hearing, "...I have a problem in the fact that I give it [Social Security number] to the debtor also..." and "...I have had two of the people, that I've prepared their bankruptcies, show up on my credit reports that I've had to dispute." (Transcript of the hearing on Motion to Request Non–Attorney's Social Security Number be Masked on Debtor's Petition, page 5, lines 11–13, and page 6, lines 18–20 ("Transcript").) However, as the statute requires, the petition preparer must give a copy of each completed document to the debtor.

Section 110(g) prohibits a petition preparer from taking possession of a debtor's filing fee in any form—including acceptance of a debtor's check or money order made payable to the bankruptcy court. *In*

*re Avery,* 280 B.R. 523, 531 (Bankr.D.Colo. 2002); *In re Schweitzer,* 196 B.R. 620, 624 (Bankr.M.D.Fla.1996); and *In re Steward,* 312 B.R. 172, 179–80 (Bankr.N.D.Ill.2004). This broad prohibition against simply taking possession of a debtor's filing fee makes it unlikely that a bankruptcy petition preparer could file the initial voluntary petition of the debtor. *See Steward,* 312 B.R. at 180.

There is no mechanism whereby a petition and other documents for filing could be filed with the Court without the Social Security number of the individual who prepared the document or assisted in its preparation. As the Bankruptcy Appellate Panel for the Ninth Circuit has stated:

> [The petition preparer] suggests that a federal tax identification number could be used in lieu of a social security number. We will not weigh the merits of this proposal, because it is not the law. "[L]egislation which has some effect on individual liberty or privacy may not be held unconstitutional simply because a court finds it unnecessary, in whole or in part." *Whalen v. Roe, supra,* 429 U.S. at 597, 97 S.Ct. at 875. Congress has not enacted legislation which permits document preparers to use an alternative to the social security number; we will not limit disclosure where the statute calls for none. *Rausch, supra,* 197 B.R. at 117. Where the language of a statute is plain, the court's sole function is enforcement of the statute according to its terms. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989).

*In re Adams,* 214 B.R. 212, 217 (9th Cir. BAP 1997). However sympathetic the Court may be to Ms. Jackson's problem with the dissemination of her Social Security number to the debtors for whom she prepares petitions and documents, compliance with § 110 with the Bankruptcy Code

is required, and there can be no omission of her Social Security number in any of the documents she prepares for bankruptcy filings.

With regard to the future possibility for the use of an alternative number for petition preparers, two developments should be noted. First, Congress addressed and allowed the use of alternative numbers for individual preparers of tax returns. Section 6109(a)(4) of the Internal Revenue Code provides that any return or claim for a refund prepared by an income tax preparer must bear the identifying number of the preparer. Previously, in the case of an individual preparer the identifying number was the Social Security number. However, § 3710 of the Internal Revenue Service Restructuring Reform Act of 1998 amended that section of the Internal Revenue Code to permit the use of an identification number other than the Social Security number of an individual preparer. The Internal Revenue Service then implemented a procedure to make the alternative preparer identification numbers available to practitioners. For bankruptcy petition preparers to use an alternative number, Congress must act first to change the applicable law.

Second, Congress is currently considering the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Senate Bill 256. This bill has been passed by the Senate, but has not yet been acted on by the House of Representatives, and is not law at this time. Several changes to § 110 are proposed in the Act, but none of those modify the requirement for disclosure of the Social Security number of each individual who prepared the document or assisted in its preparation, and there is no provision for an alternative identifying number.

■ With respect to the Official Forms, it is important to note that the declarations setting forth information on the petition preparer are not subject to modification to omit such information. The Official Forms prescribed by the Judicial Conference of the United States must be used. See Rule 9009, Fed.R.Bankr.P. Although the Rule allows "alterations as may be appropriate," the forms must be "construed to be consistent with these rules and the Code." Fed. R.Bankr.P. 9009. A modification to change or omit the Social Security number would not be consistent with the Code. According to the Advisory Committee Observation to Rule 9009, examples of appropriate modifications would be as a result of filing a joint petition or filing a petition under Chapter 9 of Title 11. Any substantial deviation from the Official Forms which results in the omission of information required under the Bankruptcy Code is not an appropriate modification to the forms. *See In re Mack*, 132 B.R. 484, 485 (Bankr.M.D.Fla.1991).

## Masking the Social Security Number on the Filed Documents

■ Ms. Jackson, at the hearing, offered to provide her Social Security number to the U.S. Trustee's Office and the courts, stating: "I have absolutely no problem with giving the number to the Trustee's office in some form and maybe making it part of the petition that is actually filed, but just mask it on the Pacer system, the same as you're doing the debtors. I am open to whatever you can do to limit to just the courts and the Trustee's Office my Social Security number." (Transcript, page 7, lines 8 to 15.) Federal Rule of Bankruptcy Procedure 1005 now provides that the last four digits of the debtor's Social Security number shall be used in the title of the case in the caption of the petition, and Rule 1007(f) provides that a debtor shall submit a verified statement that sets out the debtor's Social Security number.

In *In re Rankin*, 320 B.R. 171 (Bankr. D.Mont.2005), a bankruptcy petition preparer argued that requiring her to disclose her entire Social Security number on the bankruptcy petition unjustly discriminates against her and denies her equal protection with debtors who are not required to publish their Social Security number in full on the bankruptcy petition. The Court rejected this argument on the basis that a petition preparer "is not similarly situated to a debtor, and is not entitled to the same protections granted to debtors under the Bankruptcy Code." *Id.* at 183.

The changes that now allow a debtor to submit a separate statement of Social Security number and the last four digits of the Social Security number in the bankruptcy petition were changes to the Federal Rules of Bankruptcy Procedure. The individual petition preparer's social security number is required by statute and not by rule, however, and the statute has not been changed.

Further, § 107 of the Bankruptcy Code is applicable with regard to public access of a debtor's bankruptcy petition and filings. The Section provides:

**11 U.S.C. § 107. Public access to papers**

(a) Except as provided in subsection (b) of this section, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

Section 107(a) provides that all papers filed in a case under title 11 and the dockets of a bankruptcy court are subject to public disclosure, except with regard to the specific exceptions in subsection (b). As described above, the statement of Social Security number that the debtor may "submit" in the bankruptcy case pursuant to Fed. R. Bankr.P. 1007(f) is not a filed paper, and therefore not subject to § 107(a). *See In re Apex Oil Co.*, 101 B.R. 92, 98 (Bankr.E.D.Mo.1989)(Explaining that certain underlying documents to an examiner's report have not been and will not be filed, the bankruptcy court stated: "The plain language of § 107 establishes standards only for those documents *which are filed with the court.*" [emphasis in original])

■ The exceptions provided in subsection (b) of § 107 are specific: (1) trade secret or confidential research, development, or commercial information, or (2) scandalous or defamatory matter. One court has explained § 107 as follows:

A plain reading of § 107 shows that Congress indeed promulgated an express statutory scheme addressing public access to papers in bankruptcy cases in enacting § 107(a). Section 107(b) contains exceptions to the public access contemplated in § 107(a). Thus, we first inquire whether the documents sought to be sealed contain information which can be said to be within the § 107(b) exceptions. If the § 107(b) exceptions do not apply, the inquiry is complete and the Court's decision will favor public access.

*Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 678 (Bankr.N.D.Ohio 1995). Federal

Rule of Bankruptcy Procedure 9018 also provides a limit to public disclosure:

### Rule 9018. Secret, Confidential, Scandalous, or Defamatory Matter

On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Rule 9018 of the Federal Rules of Bankruptcy Procedure does not expand the court's ability to limit access to papers filed, nor does it provide a separate basis for relief. *In re Gitto/Global Corp.*, 321 B.R. 367, 372–73 (Bankr.D.Mass.). In *Gitto/Global*, the bankruptcy court entertained numerous motions in connection with an Examiner's Report including motions to seal or redact portions of the Report and motions for access to the Report. According to the court, various reasons for requesting redaction of certain items in the report included "discomfort, embarrassment, shame, and remorse." *Id.* at 376. In ruling against the motions, the court stated, "...a party requesting the impoundment or redaction of information must make a sufficiently particularized showing for the Court to determine that the allegedly offending information falls within the ambit of section 107." *Id.* at 374. Clearly, the bankruptcy petition preparer's Social Security number does not fit

within the categories of material that may be limited by this Court pursuant to § 107.

The Ninth Circuit Court of Appeals also addressed the government's interest in the right of public access to judicial proceedings as set forth in § 107 in *Ferm v. United States (In re Crawford)*, 194 F.3d 954 (9th Cir.1999), *cert. denied*, 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000). The Court concluded that the petition preparer's privacy concerns were "trumped" by the governmental interest behind § 107 and that "[t]he enactment of a blanket open access rule obviously fosters public confidence in a way that a regime shot through with exceptions might not." *Id.* at 960.

Whether this public disclosure of the petition preparers' Social Security numbers denies them the right to pursue their profession has been addressed by other bankruptcy courts, with the conclusion that if a preparer "does not want to reveal her Social Security number she could decline to prepare bankruptcy petitions." *See In re Adams*, 214 B.R. 212, 217 (9th Cir. BAP 1997); and *In re Kaitangian*, 218 B.R. 102, 107 (Bankr.S.D.Cal.1998)("To the extent [the petition preparer] is claiming that the provisions of § 110 are unconstitutional in that they deny him the right to pursue his chosen calling or profession in violation of the Equal Protection Clause that argument must fail.")

### Conclusion

Clearly, the Social Security number of the individual bankruptcy petition preparer must be set forth in the appropriate spaces on all Official Forms that are filed with the court, pursuant to 11 U.S.C. § 110. The mandate that all filed documents shall be available for public disclosure as set forth in 11 U.S.C. § 107 restricts the ability to redact or mask information not included in the exceptions to such mandate. Once the debtor has

filed the petition with the petition preparer's Social Security number, it is a "filed" document, as discussed above, and there is no basis under the statute for redaction of the Social Security number once the debtor's documents have been "filed."

The Court recognizes the interest of Ms. Jackson to prevent the public disclosure of her Social Security number in connection with her preparation of bankruptcy petitions and documents. However, the provisions of Bankruptcy Code sections 110 and 107 do not allow for the omission or redaction of such Social Security number for bankruptcy petition preparers. It is appropriate to deny the Motion to Request Non–Attorney's SS# Be Masked on Debtor's Petition & Case File.

By separate Order, the Court will provide Ms. Jackson with the opportunity to correct the deficiencies in the disclosures, or appear and show cause why she should not be fined for the violations of 11 U.S.C. § 110.

Accordingly:

**IT IS ORDERED** that

1. The Motion to Request Non–Attorney's SS# Be Masked on Debtor's Petition & Case File is denied.

2. A separate order will be entered providing Ms. Jackson with the opportunity to correct the deficiencies in the disclosures, or appear and show cause why she should not be fined for the violations of 11 U.S.C. § 110.