RECOMMENDED FOR FULL-TEXT PUBLICATION
*File Name: 19b0009p.06*

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE:  ANTHONY MICHAEL DONNADIO; MELISSA MARIE DONNADIO,

*Debtors*.

_____

SANTANDER CONSUMER USA INC.,

*Appellant*,

*v*.

ANTHONY MICHAEL DONNADIO; MELISSA MARIE DONNADIO; MICHAEL A. GALLO, Chapter 13, Trustee,

*Appellees*.

No. 19-8004

On Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Youngstown.
No. 4:18-bk-41519—Russ Kendig, Judge.

Decided and Filed:  November 25, 2019

Before: BUCHANAN, HARRISON, and WISE, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:**  Cynthia A. Jeffrey, Edward A. Bailey, REIMER LAW, Solon, Ohio, for Appellant. Robert Ascenzo Ciotola, Canfield, Ohio, for Debtor Appellees.  Michael A. Gallo, Youngstown, Ohio, for Trustee Appellee.

_____

## OPINION

_____

TRACEY N. WISE, Chief Bankruptcy Appellate Panel Judge. Appellant/Creditor Santander Consumer USA Inc. ("Creditor") objected to the confirmation of a chapter 13 plan

filed by Appellees/Debtors Anthony Michael Donnadio and Melissa Marie Donnadio ("Debtors") because the plan does not contain specific language stating that Creditor, the holder of a "910 claim," retains its lien on Debtors' vehicle until full payment of its claim under nonbankruptcy law or Debtors' discharge. Debtors and Appellee/Chapter 13 Trustee Michael Gallo ("Trustee") opposed Creditor's objection in the bankruptcy court. Creditor appeals from an order overruling its objection. Because the bankruptcy court erred in its interpretation of § 1325(a)(5)(B)[1] as a matter of law, we REVERSE and REMAND for further proceedings consistent with this opinion.

## ISSUE ON APPEAL

Creditor identifies one appellate issue: "Whether an objection to confirmation must be sustained when a chapter 13 plan fails to provide that the holder of a '910 claim' retain[s] the lien securing its claim until the earlier of payment of the underlying debt determined under nonbankruptcy law or discharge under section 1328?" (Brief of Appellant Santander Consumer USA Inc. ("Creditor's Brief") at 3, BAP No. 19-8004, ECF No. 13.)

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6) and (c)(1). A bankruptcy court's order confirming a chapter 13 plan is a final order that may be appealed as of right. 28 U.S.C. § 158(a)(1).

After Creditor objected to the confirmation of Debtors' chapter 13 plan on October 8, 2018, the bankruptcy court entered an order on November 2 confirming the plan subject to the resolution of Creditor's objection. The court overruled Creditor's objection on February 2, 2019, and Creditor timely moved to reconsider on February 12. On March 7, the court denied that motion and Creditor filed a timely appeal. Because the bankruptcy court both overruled the objection to confirmation and confirmed the chapter 13 plan, albeit in separate orders, the order

---

[1]Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Rule ."

overruling the objection is a final order. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1694 (2015) (stating that an order overruling an objection to the confirmation of a chapter 13 plan, and confirming the plan, is a final order).

## FACTS

On March 17, 2017, Mr. Donnadio purchased a 2013 Buick Verano (the "Vehicle") with Creditor-provided financing. On July 20, 2018, less than 910 days after the purchase, Debtors filed a chapter 13 bankruptcy petition and proposed a chapter 13 plan. As required in the Northern District of Ohio, Debtors used Official Form 113, the national Chapter 13 Plan form that became effective on December 1, 2017. Debtors' proposed plan did not treat any claims in Section 3.2 ("Request for valuation of security, payment of fully secured claims, and modification of undersecured claims"), but it treated Creditor's claim (the "910 Claim") in Section 3.3 ("Secured claims excluded from 11 U.S.C. § 506."). The plan listed the 910 Claim as secured by the Vehicle, valued it at $10,000, and provided for monthly plan payments to Creditor.

Unlike Section 3.2, Section 3.3 of Official Form 113 does not discuss lien retention for claims treated thereunder. Therefore, Debtors' proposed plan did not have language addressing Creditor's retention of its lien in Section 3.3. The proposed plan also did not have a nonstandard plan provision in Section 8.1 concerning the retention of Creditor's lien.

Creditor timely filed its 910 Claim ($9,650.50) and listed it as fully secured by the Vehicle. On October 8, 2018, Creditor objected to the confirmation of Debtors' proposed plan, contending that it did not provide that Creditor would retain its lien on the Vehicle until Debtors either paid their debt to Creditor in full under nonbankruptcy law or received their discharge under § 1328 (the "Lien Retention Language").

On November 2, 2018, the bankruptcy court confirmed Debtors' plan subject to the resolution of Creditor's objection. After additional briefing, the court overruled the objection, holding that, while Creditor held a secured claim that was not subject to bifurcation under § 506 owing to the "hanging paragraph" in § 1325(a), the court was "not convinced that this means § 1325(a)(5) applies to a 910-day claim exactly as it would to any other allowed, secured claim."

(Feb. 4, 2019 Memorandum of Opinion (the "Opinion") at 3, Case No. 18-41519, ECF No. 35.) The court further held that

> a claim that has not been . . . bifurcated is not subject to the concerns that necessitated the lien retention requirement of § 1325(a)(5)(B). The § 1325(a)(5) language, as reproduced in the Plan, assures the creditor that its lien will be retained until payment in full of the entire claim, or discharge. A non-bifurcated claim is treated as one undivided amount, and thus this clarification is not needed.
>
> Section 3.3 of the Plan states that the claims listed within "will be paid in full under the plan with interest at the rate stated below." Explicit language assuring the creditor that its lien will be retained is not necessary to effectuate the actual retention of the lien, as there is no reason in the Plan or in the Code why it would be released. The lien is retained by operation of law. To the extent that § 1325(a)(5) must be applied to a 910-day claim, it does not indicate that the only way for a provision to be "provided for by the plan" is if the statutory protections and guarantees within the Code are each spelled out verbatim in the plan itself. The vast majority of the Code operates in the background at any given time; if a plan could not be confirmed unless it contained reference to all of the relevant provisions acting upon each of its sections, one might as well be required to submit a complete copy of Title 11 itself.

(*Id.* at 4.) After the bankruptcy court later denied Creditor's motion for reconsideration, Creditor appealed the Opinion.

## DISCUSSION

Creditor contends that the Panel should reverse because the bankruptcy court failed to give effect to and enforce the plain meaning of the words used in § 1325(a)(5). (Appellant's Brief at 8 (citing, *inter alia*, *In re Corrin*, 849 F.3d 653, 657 (6th Cir. 2017), for the proposition that courts construe a statute by "examin[ing] the plain meaning of its words.")). Creditor argues that § 1325(a)(5) is unambiguous and, thus, "the inquiry both begins and ends with the text itself." (*Id.* at 9 (citing *United States v. Ron Pair Ent., Inc.*, 489 U.S. 235, 240–41 (1989)). We agree.

**I.      The Code requires chapter 13 plans to satisfy one of three options for the treatment of allowed secured claims in § 1325(a)(5).**

The Sixth Circuit has held that "the provisions in 11 U.S.C. § 1325(a) are mandatory requirements for confirmation of a proposed plan under Chapter 13 of the Bankruptcy Code" and

"a bankruptcy court has no discretion to confirm a plan which does not comply with those requirements." *Shaw v. Aurgroup Fin. Credit Union*, 552 F.3d 447, 462 (6th Cir. 2009). Therefore, the bankruptcy court erred in confirming Debtors' plan if the plan failed to satisfy § 1325(a)(5) in treating Creditor's allowed secured claim.

In *Shaw*, the Sixth Circuit outlined the three mandatory options § 1325(a)(5) contains for treating secured claims:

> A debtor's proposed plan must accommodate each allowed, secured creditor in one of three ways under § 1325(a)(5): (1) by obtaining the creditor's acceptance of the plan; (2) by surrendering the property securing the claim; or (3) by permitting the creditor to both retain the lien securing the claim and a promise of future property distributions (such as deferred cash payments) whose total "value, as of the effective date of the plan, . . . is not less than the allowed amount of such claim." § 1325(a)(5); *Till v. SCS Credit Corp.*, 541 U.S. 465, 468, 124 S. Ct. 1951, 158 L. Ed. 2d 787 (2004).

*Id*. at 450. At issue in *Shaw* was the debtor's proposal to bifurcate (i.e., "cramdown") a 910 claim and the effect of the so-called "hanging paragraph" on § 1325(a)(5). The paragraph at the end of § 1325(a) provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a).

The Sixth Circuit found that the hanging paragraph's function is to establish that 910 claims cannot be bifurcated:

> However, "[i]t seems to be undisputed that Congress viewed this use of 'cramdown' as abusive and unfair to car lenders and other lienholders," so when it enacted BAPCPA in 2005, it added an unnumbered paragraph -- commonly referred to as the "hanging paragraph" -- to the end of § 1325(a). [*Nuvell Fin. Servs. Corp. v. Dean* (*In re Dean*), 537 F.3d 1315, 1318 (11th Cir. 2008)].

As it relates to this case, the "hanging paragraph" applies when: (1) the creditor holds a purchase money security interest securing the debt that is the subject of the claim; (2) the debt was incurred within the 910-day period preceding the date of the filing of the petition; and (3) the collateral for that debt consists of a motor vehicle acquired for the personal use of the debtor.

*Shaw*, 552 F.3d at 451–52. There is no dispute that Creditor holds a 910 claim. Rather, the question is whether Debtors' plan properly treats that secured claim under one of the three available options.

**II.    Debtors' plan does not satisfy any option in § 1325(a)(5) for treating Creditor's claim; therefore, the bankruptcy court erred in confirming the plan over Creditor's objection.**

As in *Shaw*, Creditor did not accept the treatment of its claim under Debtors' proposed plan (which would satisfy § 1325(a)(5)(A)) and Debtors did not surrender the Vehicle (which would satisfy § 1325(a)(5)(C)). Therefore, Debtors' plan must fully satisfy § 1325(a)(5)(B) to achieve confirmation over Creditor's objection. That subsection provides:

(a) Except as provided in subsection (b), the court shall confirm a plan if—

 (5) with respect to each allowed secured claim provided for by the plan—

  (B)(i) the plan provides that—

   **(I) the holder of such claim retain the lien securing such claim until the earlier of—**

   **(aa) the payment of the underlying debt determined under nonbankruptcy law; or**

   **(bb) discharge under section 1328;** and

   (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

  (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

  (iii) if—

   (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

   (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan . . . .

11 U.S.C. § 1325(a)(5) (emphasis supplied).

Debtors' plan includes deferred cash payments to Creditor in equal monthly amounts, satisfying § 1325(a)(5)(B)(ii) and (iii). But it does not "provide that" Creditor retains its lien on the Vehicle as § 1325(a)(5)(B)(i)(I) requires. Accordingly, the plan does not satisfy § 1325(a)(5) because it does not treat the 910 Claim in full compliance with § 1325(a)(5)(B). As a result, based on the statute's plain language and the Sixth Circuit's holding in *Shaw*, the bankruptcy court erred in confirming Debtors' plan over Creditor's objection.

## III.     Creditor's proposed non-standard plan provision did not violate Federal Rule of Bankruptcy Procedure 9009.

Trustee and Debtors disagree with Creditor's interpretation of § 1325(a)(5). Because the Panel concludes that Creditor's interpretation of the statute correctly construes its wording, the Panel will not discuss Trustee's and Debtors' contrary statutory interpretation arguments; in short, Appellees ignore the statute's plain language in favor of unavailing policy-related arguments, which the express language used in § 1325(a)(5) simply does not support. However, Debtors' argument that Rule 9009(a) bars the inclusion of Lien Retention Language in their chapter 13 plan warrants analysis.

Rule 9009 provides:

(a) Official forms. The Official Forms prescribed by the Judicial Conference of the United States shall be used without alteration, except as otherwise provided in these rules, in a particular Official Form, or in the national instructions for a particular Official Form. Official Forms may be modified to permit minor changes not affecting wording or the order of presenting information, including changes that:

(1) expand the prescribed areas for responses in order to permit complete responses;

(2) delete space not needed for responses; or

(3) delete items requiring detail in a question or category if the filer indicates—either by checking "no" or "none" or by stating in words—that there is nothing to report on that question or category.

Fed. R. Bankr. P. 9009(a). Relying on this Rule and cases construing it, Debtors conclude that "Section 3.3 of the National Form plan cannot be altered." (Brief of Appellees Anthony M. Donnadio and Melissa M. Donnadio at 7, Case No. 19-8004, ECF No. 17.)

Debtors' argument fails for several reasons. First, Creditor does not contend that Section 3.3 of Debtors' plan should have been "altered." Rather, Creditor contends that, in response to its objection to confirmation, Debtors should have added a nonstandard plan provision to their plan at Section 8.1 that addressed Creditor's lien retention in accordance with § 1325(a)(5)(B)(i)(I). Debtors therefore erroneously seek to undermine a position other than the one Creditor has offered, and their argument misses the mark.

Second, Rule 9009(a) provides that Official Forms may not be altered "*except as otherwise provided* in these rules, in a particular Official Form, or in the national instructions for a particular Official Form." Fed. R. Bankr. P. 9009(a) (emphasis added). Thus, Official Forms *may* be altered in certain circumstances. Debtors do not cite authority regarding the scope of permissible alterations to an Official Form. A court within the Sixth Circuit has addressed this issue:

> While the Official Forms do not have the force of law, as the Bankruptcy Code and Bankruptcy Rules do, the forms should still be used and only with such alterations as may be appropriate. *In re Clausen*, 464 B.R. 827, 830 (Bankr. W.D. Wis. 2011). Substantial compliance with the Official Forms is required and the power to deviate from the forms is limited. *Clausen* at 831. While Rule 9009 authorizes the combination and rearrangement of the forms "to permit economies in their use," the forms may not be altered if the alterations obfuscate, impede, or defeat the streamlining of the bankruptcy process. *Id.*; *In re Orrison*, 343 B.R. 906, 909 (Bankr. N.D. Ind. 2006); *In re Mitchell*, 255 B.R. 345, 363 (Bankr. D. Mass. 2000). . . . Further, any modifications to the forms must allow for the revisions to be construed consistent with the Bankruptcy Code and the Bankruptcy Rules. Fed. R. Bankr. P. 9009; *In re Coy*, 324 B.R. 393, 399 (Bankr. M.D. Fla. 2005).

*In re Jenkins*, Case No. 17-30753, 2017 Bankr. LEXIS 3436, at *13–14 (Bankr. S.D. Ohio Sept. 26, 2017). Debtors fail to establish that Creditor's suggested inclusion of a nonstandard provision in Section 8.1 would obfuscate, impede, or defeat the streamlining of the bankruptcy process or be inconsistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. In fact, as reviewed above, Creditor's proposed special provision to add Lien

Retention Language results in Debtors' plan conforming to the Code when a 910 claimant objects to its treatment and the collateral is not surrendered.

Third, and similarly, the Bankruptcy Code permits a plan to "include any other appropriate provision not inconsistent with this title." 11 U.S.C. § 1322(b)(11); *see also* 19 Collier on Bankruptcy § CS19.01 (Richard Levin & Henry J. Sommer eds., 16th ed.) ("The only limitation on nonstandard provisions is that they cannot be inconsistent with the Bankruptcy Code." (citing only to § 1322(b)(11)).) And, Rule 3015(c) expressly permits the use of nonstandard plan provisions in an Official Form plan. As a result, Official Form 113 contains Section 8.1 in which a debtor may set out "nonstandard plan provisions." Both Rule 3015(c) and Official Form 113 define a "nonstandard provision" as "a provision not otherwise included in the Official . . . Form or deviating from it." Debtors do not explain how a nonstandard provision that grants lien retention rights to Creditor in accordance with § 1325(a)(5)(B) would "deviate" from the Official Form in a prohibited way, or how including such a provision would be inconsistent with the Code. As a result, the Panel finds that Rule 9009(a) does not prohibit a chapter 13 plan, crafted from Official Form 113, from containing a nonstandard provision affording a 910 claimant lien retention rights in accordance with § 1325(a)(5)(B)(i)(I).

## CONCLUSION

In this situation—where Creditor objected to confirmation of Debtors' plan because it did not include a provision regarding the retention of Creditor's lien securing its 910 Claim—the bankruptcy court erred in confirming Debtors' plan. Further, including Lien Retention Language in a nonstandard provision in Debtors' plan to address Creditor's objection does not violate Rule 9009(a). For the reasons stated, the bankruptcy court's Opinion is REVERSED and this case is REMANDED for further proceedings consistent with this opinion.