In re Lawrence Peter MACK, Debtor.

In re John D. WILLIAMSON, Debtor.

In re Gordon T. CARLL, Debtor.

In re Marjorie Lucille KARIM, Debtor.

In re Robert H. CARTE et ux., Debtors.

In re Earnest Pat PATTERSON
et ux., Debtors.

In re Daniele Joy SCHEUER, Debtor.

In re David Lee KEEFER, Debtor.

In re Frank W. KROLL et ux., Debtors.

In re Lief Ann BROOKS et ux., Debtors.

In re William Orville VAWTER, Debtor.

In re William L. HORTON, Debtor.

In re Joyce Elaine McLARTY, Debtor.

In re Floyd Howard OLSEN,
Jr., et ux., Debtors.

Bankruptcy Nos. 91–04370–BKC–6C7
through 91–04376–BKC–6C7, 91–04573–
BKC–6C7 through 91–04579–BKC–6C7.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 8, 1991.

Cecil C. Martin, Andrew Baron, Orlando, for debtors.

James C. Orr, Titusville, Fla., trustee.

Jerald I. Rosen, Longwood, Fla., trustee.

George E. Mills, Jr., Orlando, Fla., trustee.

Gene T. Chambers, Altamonte Springs, Fla., trustee.

Leigh R. Meininger, Orlando, Fla., trustee.

Laurie Weatherford, Orlando, Fla., trustee.

ORDER STRIKING PAPERS, REQUIRING AMENDMENTS, AND REQUIRING FURTHER SECTION 341 MEETING

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

THESE Chapter 7 cases came on for consideration of the legal sufficiency of the form and content of the petitions and other papers filed in these cases.

F.R.B.P. 1002(a) and F.R.B.P. 1007(b) require that a debtor file a petition and prescribed schedules and statements. Official forms of the petition, schedules, and statements establish their form and content. Although F.R.B.P. 9009 permits flexibility in the arrangement of the contents and allows combinations of forms to permit economies in their use, the petition, schedules, and statements filed by a debtor must nevertheless substantially comply with and conform to the official forms.

Advisory Committee Note to F.R.B.P. 9009. The forms of petition, schedules, and statements filed by the debtors in these cases fail this test of substantial compliance as to both their form and their content. They are therefore legally insufficient and unacceptable.

The debtors in all of these cases have used the same forms of petition, schedules, and statements. In general, the forms used by the debtors here are homemade versions that apparently have been prepared to minimize the number of pages required to make up the forms. To accomplish this objective, the forms drafter has first condensed the words and content of the official forms by summarizing the general subject matter of each section of the official forms and by eliminating the detailed instructions, statements, and questions that the debtor is required to complete. The debtor, of course, has set forth only the information called for by the homemade forms—information that is substantially less than the information called for by the official forms. The information contained in the answers stated by the debtor is therefore incomplete. Other alterations and omissions throughout the schedules and statements are equally significant.

More importantly, the form of petition used by these debtors fails to include a provision for the debtors to declare, under penalty of perjury, that the information provided in the petition is true and correct. F.R.B.P. 1008, of course, requires that a petition be verified. This deviation from Official Form No. 1 is therefore substantial.

In furtherance of the objective to minimize the number of pages, the forms drafter has also reduced the type size of the printed words so that the instructions and information are almost illegible. The official forms are designed to make them easy to use and to facilitate a quick and easy comprehension of the information presented. These forms in fact work at cross-purposes with these objectives of the official forms. In that sense, they fail to serve the purpose for which schedules and statements are required to be filed.

In addition to the forms being unsatisfactory as to their form and content, these papers are unsatisfactory as to the manner in which they have been completed. In some cases, the preparer of the papers has drawn arrows and circled pertinent information in black marker; has used black marker to delete portions of the printed part of the forms; and, in other parts of the forms, has used "whiteout" or "liquid paper" to delete either printed or typed material. In *In re Ash*, 118 B.R. 113 (Bankr.M.D.Fla.1990), this court struck papers filed in cases that are similar, in this respect, to the ones before the court now. The court wrote there of the minimum requirements for acceptability for pleadings and papers and explained the reasons that papers of that sort are unacceptable. In the interim between *Ash* and today, the court's standards have not changed, and the reasoning of *Ash* remains valid.

In addition, parts of many of the forms are completed by hand despite the requirement of Local Rule 202(a) that they be typewritten. Likewise, parts of many of the forms have been left blank despite the requirement of Local Rule 203(b) that items for which no entry is made are to be completed by use of the words "None" or "Not Applicable." Again, these papers are legally insufficient and unsatisfactory.

For the foregoing reasons, the petitions, schedules, and statements filed in these cases are stricken. No later than 15 days after the date of service of notice of the entry of this order, each debtor shall file an amended petition, schedules, and statements as required by F.R.B.P. 1007(b) that are prepared in conformity with the official forms prescribed by the Judicial Conference of the United States for use on and after August 1, 1991, and the local rules of this court.

In addition, the Section 341 meeting in each of these cases cannot be completed without appropriate schedules and statements. How can the trustee perform his or her duties at the meeting, and how can creditors participate meaningfully at the

meeting, when the debtor has failed to provide the information required by the official forms? Accordingly, the trustee's report of the conclusion of the Section 341 meeting and the trustee's final report in each of these cases is disapproved. Each trustee is directed to schedule and notice a new Section 341 meeting after the debtor has filed the amended papers ordered here.

Finally, counsel for each of the debtors here are directed to cease using in future filed cases the forms of petitions, schedules, and statements used in these cases. Counsel are directed to use in cases to be filed in the future only those forms that are, or conform substantially to, the official forms prescribed by the Judicial Conference of the United States for use on and after August 1, 1991. Counsel are also instructed to abide by the admonishments set forth in the *Ash* opinion and to comply fully with the requirements of this court's local rules.

DONE and ORDERED.