**In the Matter of Gary Wayne ORRISON, Judith Ann Orrison, Debtors.**

No. 06–10144.

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

May 2, 2006.

Sabrina J. Kitsos, Law Offices of Peter Francis Geraci, Fort Wayne, IN, for Debtors.

## DECISION AND ORDER

ROBERT E. GRANT, Bankruptcy Judge.

The debtors filed a petition for relief under chapter 13 of the United States Bankruptcy Code on February 15, 2006. The petition was not prepared on the official form (Official Form 1), but on a custom-designed form used by their counsel. Because this form did not correspond with the official form, the court issued an order requiring the debtors to file an amended petition using the official form. Instead of complying with the court's order, debtors' counsel filed a response contending that the debtors should not be required to do so, that counsel's form constituted an appropriate alteration of the official form, and was permitted by Rule 9009 of the Federal Rules of Bankruptcy Procedure. That issue is before the court following a hearing held to consider the question.

To commence a bankruptcy case a petition is filed with the clerk of the bankruptcy court. 11 U.S.C. § 301; Fed. R. Bankr.P. Rule 1002(a), 9001(3). Prior to 1987, Rule 1002(a) of the Federal Rules of Bankruptcy Procedure required the petition to be filed on the official form. Although the reference to that requirement was removed when the rule was amended in 1987, that was "not intended to change the practice" because "Rule 9009 provides that the Official Forms 'shall be observed and used' in cases and proceedings under the Code." Fed. R. Bankr.P. Rule 1002, Advisory Committee Note (1987), reprinted in Norton Bankruptcy Rules, 2005–06 ed. p. 7. Even though Rule 9009 states that the official forms "shall be observed and used" that commandment is immediately softened by the remainder of that sentence, which goes on to say that they shall be used "with alterations as may be appropriate." Fed. R. Bankr.P. Rule 9009. The rule then states that "[f]orms may be com-

bined and their contents rearranged to permit economies in their use." *Id.*

■■■■ Debtors' counsel focuses on the second sentence of Rule 9009 and argues that her office has done nothing more than modify the official form so that it can be used more efficiently.[1] This has been accomplished by condensing the form from three pages down to two and rearranging its contents, while still providing all of the required information. Although counsel asserts that these changes allow the form to be used more efficiently, she never explains just how this is so or why her version of the form is preferable to that prescribed by the Judicial Conference. More importantly, whether a particular modification is appropriate or permits the form to be used more efficiently should be considered not just from the perspective of the one who is completing it but also from the perspective of those who will be using the completed form. Consequently, even if counsel's version of the official form may somehow allow her office to use it more efficiently, if those changes make it more difficult for others to use the completed form, the modifications are not permitted by Rule 9009. *See, In re O'Dell,* 251 B.R. 602, 616 (Bankr.N.D.Ala.2000); *In re Mack,* 132 B.R. 484, 485 (Bankr.M.D.Fla. 1991).

If no one ever read the petition or made use of the information it contained, whether or not it was prepared on the official form would not matter at all. But, that is not the case. Even if no one else looks at that document, it is reviewed by the clerk's office to make certain that it is complete. When filings were made in hard copy, information contained in the petition was compiled and used by the clerk's office "to make a rough estimate of the resources needed to handle the case, to monitor multiple and repeat filings, to assign cases to judges, and to provide certain statistical information the court is required by law to compile." Instructions for Completing Official Form 1, ¶ I. p. 1. Now that filings are made electronically, most of that information is provided by counsel during the electronic case filing process, rather than being manually extracted from the petition by the clerk's office after the case is filed. Nonetheless, the clerk's office still reviews the petition and compares the information it contains with that provided by counsel during the case filing process, to make certain that the data was input correctly and if not to make any changes needed to bring the docket and the data into line with the information contained in the petition, and to determine whether the petition satisfactorily reflects the debtor's eligibility for relief under title 11.

■■■■ Information which cannot be found or can be found only with difficulty is less useful than information which is readily available. Consequently, the petition must not only provide all of the information required, it must do so in a way that facilitates an easy and efficient review of its contents. Although counsel's in-house version of the petition contains all of the information required by the official form,

---

1. Counsel also argues that her version of the official form has been used for some time, without complaint, elsewhere in this district and in other districts outside of Northern Indiana, and the lack of any challenge means that other courts view it as an acceptable variation of the official form. The argument is not persuasive. Simply because counsel may have gotten away with something in the past or has previously successfully slipped something by does not mean the practice is acceptable. *See e.g., Askin & Marine Co. v. Commissioner of Internal Revenue,* 66 F.2d 776, 777 (2nd Cir.1933); *In re Peterson,* 2004 WL 1895201 *3 fn. 17 (Bankr.D.Idaho). Furthermore, the petition was significantly changed because of the bankruptcy reforms that went into effect on October 17, 2005, so the present iteration of counsel's form does not have a history of longevity.

because of the changes counsel has made that information cannot be located and cannot be reviewed as easily and as efficiently as it is on the official form. Among other changes, counsel has rearranged the contents of the petition so that information found in one place on the official form is located in an entirely different place on counsel's form. For example, by comparison to the official form, counsel's version:

1. Switches the location of the boxes indicating which chapter of the bankruptcy code the debtor is filing under and the nature of the debtor's business;

2. Moves the box indicating the nature of debts from the right side of the page to the left side;

3. Moves the box captioned statistical information from the left side of the page to the right side;

4. Places information concerning pre-petition credit counseling at the bottom of the first page, rather than on the second page;

5. Moves Exhibit B from the upper right-hand quadrant of the second page to the bottom of that page; and,

6. Places the signatures of the debtors and debtors' counsel on the second, rather than the third, page.

These changes increase the amount of time the clerk's office must devote to reviewing counsel's unique version of the petition by forcing case administrators to hunt for the information they need instead of being able to quickly find it in the expected place. This slows down the administration of cases and places an unnecessary burden on the clerk's office. As such, counsel's changes to the official form for the petition do not offer economies in its use, but have precisely the opposite effect; they create inefficiencies, confusion and additional work for those who read counsel's completed form.

Although Rule 9009 allows alterations to the official forms, that does not give parties a free pass to make whatever changes they want whenever they want to do so. "[A]lteration will be appropriate only in rare circumstances." *In re Mitchell*, 255 B.R. 345, 363 (Bankr.D.Mass.2000). Alterations that "confuse[ ] and confound[ ] a streamlined administrative process," *O'Dell*, 251 B.R. at 616, or which frustrate "a quick and easy comprehension of the information presented," *Mack*, 132 B.R. at 485, are not appropriate. The version of the official form used by debtors' counsel does not facilitate a quick and easy review of the information it contains. It undermines the efficient administration of the case and is not appropriate. THEREFORE, debtors shall file an amended petition using the official form within ten (10) days of this date. Should they fail to do so, this case will be dismissed, without further notice or hearing.

SO ORDERED.